■ JOHN CARDINALE et al., Appellants, v FRANK GOLINELLO, Respondent; et al., Defendants.—In an action, *inter alia,* to recover damages for breach of a fiduciary duty, plaintiffs appeal from an order of the Supreme Court, Dutchess County, dated June 15, 1976, and entered in Westchester County which granted the motion of defendant Frank Golinello to disqualify plaintiffs' attorneys from further representation of the plaintiffs in the action. Order affirmed, without costs or disbursements. Prior to January 21, 1972, the plaintiffs and defendant Frank Giannettino were the sole shareholders of Cross County Sanitation Corporation. On January 21 these three parties agreed to sell their stock in the corporation to defendant Frank Golinello, and Golinello issued 96 promissory notes to cover the purchase price. On February 4, 1972, the closing took place at the offices of Halperin, Somers and Goldstick, P. C. (hereafter Somers), attorneys for Golinello. Golinello agreed to put the purchased stock in escrow as security for the promissory

notes. On February 14, 1972 Charles Schiller joined Somers and remained with it until December 29, 1972. It is his contention that during this 10½ month period he worked on only one matter for John Somers, who had been Golinello's attorney for 10 years, and that that matter was totally unrelated to the above transaction involving Golinello. No one challenged this averment. In March, 1975 Golinello defaulted on the payment of the 36th promissory note; plaintiffs initiated an action against him and several other defendants in the following December. King & King were the attorneys for the plaintiffs; Charles Schiller acted for that firm in an "of counsel" capacity. Frank Golinello initiated a motion to disqualify both Schiller and the King firm from representing plaintiffs, based upon Schiller's association with the Somers firm in 1972. That motion was granted because the "appearance of impropriety" existed. Schiller, at one point in his opposing affidavit, stated: "From time to time, and with the full knowledge and consent of their clients involved, I would be asked by them to handle some litigation on an 'of counsel' basis * * * I might add that I did consider the ethical question involved and concluded that no problem existed since I commenced employment at Somers' firm after the sale and contracts involved were fully consummated". It is unfortunate that this occasion should be one of the times that he participated on an "of counsel" basis. For, as noted, it is the appearance, not the fact, of impropriety with which we are concerned. While we realize that the right of a litigant to be represented by counsel of his own choosing is an important one, such is not the true situation at bar. Schiller was not selected by the plaintiffs, rather, he was selected by King & King, with the permission, as we know, of the clients involved. The observation of Chief Judge Cardozo in *Meinhard v Salmon* (249 NY 458, 464) is pertinent to our problem. He wrote: "A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior." We think this apothegm applies with equal force to the activities of an attorney. Thus, with no imputation of wrongdoing directed against the plaintiffs' attorneys or Mr. Schiller, we have affirmed the order appealed from. Latham, Cohalan and Hawkins, JJ., concur; Martuscello, Acting P. J., and Rabin, J., dissent and vote to reverse the order and deny the motion, with the following memorandum: The order should be reversed as to both King & King, Esqs., attorneys for plaintiffs, and Charles Schiller, Esq., "of counsel" to that firm. There is no evidence at all to support a conclusion of Mr. Schiller's involvement with, or even knowledge of, the Golinello matter. The closing therein occurred 10 days before he started his 10½ month association with the law firm. More than two years elapsed after his departure before the matter was revived due to nonpayment of the 36th monthly note. We do not believe that proper obeisance to appearances mandates foreclosure of all attorneys formerly associated with a firm from subsequently representing an opposing party as to a matter that was at one time handled by that firm (see *Silver Chrysler Plymouth v Chrysler Motors Corp.,* 518 F2d 751). True, close scrutiny is proper, but if nothing at all suspect is uncovered, the right of free choice of counsel should be honored. The majority's decision goes beyond the sensitivities of the most refined punctilio.