■ MICHAEL IERARDI, Appellant, v SUSAN IERARDI, Respondent.—In an action for divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Abrams, J.), entered October 13, 1987, as (1) directed the immediate sale of the marital residence, (2) directed that all sums deposited in tax-deferred annuities as of January 5, 1984 be distributed equally between the parties, (3) directed him to return to the defendant her engagement ring and wedding band, and (4) failed to direct the defendant wife to reimburse him for expenditures made by him on the marital residence during his period of exclusive occupancy and for payments made by him in the extinguishing of marital debt.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the fourth decretal paragraph thereof which directed that the marital premises be immediately sold and substituting therefor a provision directing that (a) the plaintiff have the option to purchase the defendant's 50% share of the premises, which is to be valued at $80,000, said option to be exercised within four months of the service of a copy of this decision and order with notice of entry, and that (b) if the option is not exercised during that period, the premises be immediately placed on the market for sale upon its expiration; and (2) by adding to the fifth decretal paragraph thereof, after the following language "and loan association", the language "less any charges or penalties assessed against these funds because of their early withdrawal"; as so modified the judgment is affirmed insofar as appealed from, without costs or disbursements.

In this case, where the parties are childless and healthy, there was no compelling reason for the trial court to award exclusive occupancy of the marital residence to either party (see, Blackman v Blackman, 131 AD2d 801, 803-804; Shahidi v Shahidi, 129 AD2d 627, 629). However, there was also no compelling reason for the trial court to direct the sale of the house to a third party. The plaintiff husband has been continuously residing in the marital residence, has paid all the maintenance charges and, unlike the defendant wife, has expressed a desire to purchase the home. In addition, there was no showing that either of the parties lacked the financial resources to meet their living expenses and to pay their marital debts such that a sale of the marital residence would have been financially required (cf., Blackman v Blackman, 131 AD2d 801, 804, supra). In such circumstances, and where only one of the parties expresses an interest in continuing to live

in the marital residence, a court should give that party the option of purchasing the other spouse's equitable share of the residence's value *(see, Shahidi v Shahidi,* 129 AD2d 627, 629, *supra).* In this case, the plaintiff should be given that option.

Having determined that the plaintiff should be given the option of purchasing the defendant's interest in the marital residence, we must determine the value of the defendant's interest. Contrary to the plaintiff's contention, we find that the valuation date to be used in this case is that of the date of trial. In this regard, "[w]here the asset to be valued is the marital residence, we have generally held that the valuation date employed should be the date of trial *(see, e.g., Sorrentino v Sorrentino,* 116 AD2d 564; *Griffin v Griffin,* 115 AD2d 587; *Barnes v Barnes,* 106 AD2d 535)" *(Wegman v Wegman,* 123 AD2d 220, 232).

Our review of the record reveals that the trial court properly credited the testimony of the defendant's real estate appraiser to the effect that the fair market value of the marital residence was $160,000, which we determine is the proper sum to be used for the purchase of the defendant's 50% interest by the plaintiff.

The plaintiff also contends, and we agree, that in directing the distribution of money deposited by the parties in tax-deferred annuities, the trial court should have held the parties equally responsible for any early withdrawal charges assessed against these funds.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.