■ CHARLES A. MOODY, Appellant, v PEARL I. MOODY, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Kings County (Schneier, J.), dated July 14, 1989, as valued the parties' sole marital asset at $33,000, its 1972 value, and awarded him a sum representing 50% of that value plus reimbursement for his investment in that asset.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The parties were married in 1955 and have one daughter, now an adult. In 1964, although they were then informally separated, the parties jointly purchased a home for $26,500, each contributing approximately the same amount toward the down payment and closing costs. The wife and the daughter lived there from that time, while the husband lived there only intermittently. During that time, the husband made some monetary contributions toward the upkeep of the residence.

In 1972, when the daughter was 13 years old, the husband

moved out of the marital residence permanently. He also ceased making any contribution toward maintaining the home and he thereafter made no contribution toward repayment of its mortgages, no payment to the wife, who was employed, toward her support, and, except for a few payments for parochial school expenses, no contribution toward the support of the parties' daughter. Moreover, as a result of the husband's failure to report certain income on jointly filed tax returns, tax liens and delinquent tax assessments were filed against the property, and the wife was required to repay the Internal Revenue Service approximately $12,000.

At the trial of this action for divorce, commenced some 15 years after the parties permanently separated, expert testimony indicated that in 1972 the parties' only marital asset—the residence where wife still resides—had a fair market value of $33,000 and that in 1988 its fair market value was $265,000. The Supreme Court, making note of the economic and noneconomic contributions of the parties to the marriage in the 17 years before 1972, ruled that the wife was entitled to a 50% share of the 1972 value, but that because the husband made no monetary or other contributions to the home or the marriage after 1972, he was not entitled to any share of the subsequently appreciated value of the marital estate. The court directed that the wife pay the husband a distributive award of $18,000, that sum representing 50% of the home's 1972 value plus the amount the husband contributed toward the down payment and closing costs.

The husband asserts on appeal that he is entitled to 50% of the present fair market value of the residence, which he contends should be sold so as to liquidate the asset. We disagree.

It is true that, although a trial court possesses discretion and flexibility to select valuation dates for marital assets which are appropriate and fair under the circumstances *(see, Savage v Savage,* 155 AD2d 336; *Cohn v Cohn,* 155 AD2d 412; *Wegman v Wegman,* 123 AD2d 220, 235-236), where the asset to be valued is the marital residence, the valuation date employed should generally be as close to the time of the trial as is practicable *(see, Wegman v Wegman, supra,* at 232). It is also true that the otherwise flexible discretion to fix valuation dates is limited by the requirement that valuation dates be set sometime between the date of the commencement of the action and the date of the trial *(see,* Domestic Relations Law § 236 [B] [4] [b]; *cf., Wegman v Wegman, supra,* at 236-237). Nevertheless, we discern no basis for disturbing the net effect

of the award made by the Supreme Court, i.e., a distributive award representing just under 7% of the marital estate.

Although the husband made some financial contributions to the marital estate before 1972, his contributions to the estate as a whole were minimal *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879; *see also, Palmer v Palmer,* 156 AD2d 651; *Barnes v Barnes,* 106 AD2d 535). Moreover, in addition to bearing full responsibility for maintaining the parties' only asset for some 15 years, the wife bore virtually all the financial and custodial burdens of raising and educating the parties' daughter through college *(cf.,* Domestic Relations Law § 236 [B] [5] [d] [6], [13]), while sharing in liability for the husband's failure to properly report his income to taxing authorities *(cf.,* Domestic Relations Law § 236 [B] [5] [d] [11], [13]). Under the circumstances, it was fair and equitable to award the wife a far larger share of the current value of the asset which her efforts preserved and which need not be liquidated *(see, Ierardi v Ierardi,* 151 AD2d 548).

We have considered the husband's remaining contentions and find·them to be without merit. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.