OPINION OF THE COURT
David B. Saxe, J.
The application now before me, made orally on the record and followed up with letter briefs by both sides, concerns the proper disposition of escrowed funds upon the death of a party to a divorce action.
*321 It is hornbook law that a divorce action abates if one of the parties thereto dies prior to dissolution of the marriage (see, Kenzer v Kenzer, 144 AD2d 439 [2d Dept 1988]). Consequently, former counsel for Mr. Mayer contend that Mrs. Mayer is not entitled, after Mr. Mayer’s death, to any order directing payment over to her of escrowed funds in payment of arrears, but that such matters must be taken up in the Surrogate’s Court (see, Gordon v Gordon, 110 AD2d 623 [2d Dept 1985]).
The unusual circumstance presented here is that prior to Mr. Mayer’s death, a fund of approximately $100,000 was paid over by Mr. Mayer to be held in escrow by Morrison Cohen Singer & Weinstein; this payment was made in order to obtain a vacatur of a temporary restraining order Mrs. Mayer had obtained from this court.
Counsel for Mr. Mayer had conceded that if the Appellate Division denied reargument of the prior order affirming this court’s pendente lite order, Mrs. Mayer was necessarily entitled to at least $92,857.14 — the principal sum undisputably due as arrears under the pendente lite order. Counsel stated that upon denial by the Appellate Division, the funds would be paid to Mrs. Mayer — although counsel took it upon themselves to include a delay of two business days before they would issue a check.
The Appellate Division denied reargument in an order dated January 20, 1995 — one day before Mr. Mayer died on January 21, 1995.
Part of the problem here stems from counsel’s two distinct positions here. In the position of counsel, acting on behalf of Mr. Mayer, they delayed and postponed paying to Mrs. Mayer what was clearly due. However, as escrow agent of funds turned over by their client, their role was not simply that of principal for an agent-client as they suggest in their letter dated January 31, 1995. Rather, as escrow agent, their duty was to both parties (see, 55 NY Jur 2d, Escrows, §§ 14, 15, at 601-602). And the moment they were notified that the Appellate Division had denied reargument, they were under an absolute obligation to turn the sum over to Mrs. Mayer. At that moment, the escrowed funds were no longer the property of Mr. Mayer.
The placement of funds in escrow requires relinquishment of any right of possession or control of the funds by the grantor; and upon the occurrence of the event described in the escrow agreement, the property becomes that of the depository *322 or agent, to turn over pursuant to the terms of the escrow agreement (see, 55 NY Jur 2d, Escrows, §§ 3, 8, 9, at 590, 595-597). Thus, upon the occurrence of the event described in the escrow agreement, i.e., the denial of reargument by the Appellate Division, Mr. Mayer no longer had any right, title or interest in the $92,857.14 which was the subject of the escrow agreement. His subsequent death does nothing to change that fact. Therefore, the funds should not be turned over to his estate, but are directly payable to Mrs. Mayer by Morrison Cohen Singer & Weinstein as escrow agents.
Despite abatement of this action, I conclude that the proper disposition of money placed in escrow in this action is an appropriate subject of an order of this court at this time.