■ T.T.S.G., INC., Appellant, v CARL J. KUBIC, Respondent. [639 NYS2d 825] —Order of the Supreme Court, Queens County (Luther V. Dye, J.), entered on or about January 6, 1995, which, *inter alia*, granted defendant's motion for an order dismissing the complaint, and denied plaintiff's cross-motion for partial summary judgment or, in the alternative, the right to replead, unanimously modified, on the law, to the extent of denying defendant's motion and reinstating the complaint and, except as so modified, affirmed, without costs.

This action arises out of the sale by Michael's Realty Corp. of premises known as 417 West 22nd Street, located in the City and County of New York, to 417 West 22nd Owners Corp. in connection with the conversion of the premises to cooperative ownership. The closing statement lists Martin J. Zeitlin as secretary of both the seller and the purchaser. Also present was defendant Carl J. Kubic, the attorney for the seller, Michael J. Molinari, president of the seller, and Vincent Molinari, "Officer of General Contractor for Seller".

Martin Zeitlin is also the president of plaintiff T.T.S.G., Inc., a New Jersey corporation which was the sole shareholder of a New York corporation of the same name, now dissolved. At the time of the closing, T.T.S.G. (New York) was the holder of a mortgage on the premises given by Michael J. Molinari and Vincent Molinari as security for a debt in the principal amount of $50,000 ("the Molinari note"). This mortgage was subject and subordinate to a first mortgage dated March 27, 1975 in the amount of $35,000 and a second mortgage dated April 19, 1983 in the amount of $160,000. The closing statement shows a disbursement in the amount of $180,444.39 "as payment on

the Seller's behalf of the prior first and second mortgages on the subject premises". It makes no mention of the Molinari note, the third mortgage held by plaintiff, except to list as exhibits, "Satisfaction of Mortgages (three)".

The basis of this action is the allegation of Martin Zeitlin, as plaintiff's president, that defendant Kubic, as fiduciary and escrowee for the parties to the closing, represented that "when the checks from the proceeds of the sale cleared in defendant's escrow account, that defendant would issue a check payable plaintiff in payment of the Molinari note, $62,761.55", including accrued interest at 9 percent. The complaint further alleges that, in reliance upon this representation, T.T.S.G. (New York) gave defendant Kubic a satisfaction piece, signed by Martin Zeitlin.

Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), (5) and (7). His accompanying affidavit contends that the allegations of the complaint are without factual basis and that this action is barred by the Statute of Frauds. Plaintiff then cross moved for summary judgment. In his affidavit in support of the cross motion, Martin Zeitlin argues that the Statute of Frauds is inapplicable because defendant promised to pay for the satisfaction and "undertook to hold money in escrow for the purpose of consummating the [cooperative conversion] Plan." He concludes that Mr. Kubic breached his obligations as a fiduciary, his oral promise to make payment and his implied promise "to exercise due care in performing the services required."

We do not regard plaintiff's action as barred by the Statute of Frauds (General Obligations Law § 5-701 [a] [2]) as there is a question with respect to plaintiff's reliance on the promise (*see, Bassford v Radsch*, 6 AD2d 804). As escrow agent, defendant owes a fiduciary duty to the parties to the transaction (*Farago v Burke*, 262 NY 229, 233; *Green v Fischbein Olivieri Rozenholc & Badillo*, 119 AD2d 345, 349), and there exists a question of fact whether defendant assumed a fiduciary duty to plaintiff. Defendant's payment of the escrow funds to others, including the sponsor and himself, rather than meeting his obligation to plaintiff, would thus constitute a breach of fiduciary duty. Concur—Murphy, P. J., Rubin, Ross and Tom, JJ.