*969 OPINION OF THE COURT
Samuel Greenstein, J.
Plaintiffs Jesse F. Crump, M.D., Jesse F. Crump, M.D., P. C., and Elizabeth Johnson, M.D. move for various forms of equitable relief including a preliminary injunction, constructive trust, and an accounting. By cross motion, defendants John S. Lyons, M.D., Carol Lyons, Lyons & Crump, M.D., P. C., and Bayridge MR Management, Inc. (Bayridge MR) also seek multiple relief, including dismissal of plaintiffs’ complaint and disqualification of plaintiffs’ counsel.
Bayridge MR was incorporated in 1990 for the purpose of rendering magnetic resonance imaging (MRI) services. Its shareholders were plaintiffs Dr. Crump and his corporation, defendant Dr. Lyons, and nonparties Patricia Jarazo, Steven Pasteleone, Raymond Zipagan, and Dr. Patrick Cahill. Bay-ridge MR contracted Lyons & Crump, P. C., to provide the radiology readings and interpretation of the MRI studies.
Shortly thereafter, the operations of Bayridge MR were mired in shareholder discord. The shareholders retained an attorney, Phyllis Spisto, to find a buyer and sell the business. Ms. Spisto did so. On March 16, 1994, Bayridge MR was sold to 8304 Management Corp. for $275,000, of which $175,000 was payable in cash and $100,000 evidenced by a promissory note.
Even the sale of Bayridge MR has not ended the divisiveness. The parties in the present action have asserted various claims, alleging, inter alia, that loans made to each other have gone unpaid and that moneys from the sale of Bayridge MR have not been properly distributed.
The initial issue posed for resolution is that raised in the cross motion of whether attorney Spisto may continue representing the plaintiffs in light of the fact that she arranged the sale of Bayridge MR on behalf of all shareholders.
The court finds that two reasons compel the disqualification of Ms. Spisto as plaintiffs’ counsel. First, a lawyer may not "represent another person in the same or a substantially related matter in which that person’s interests are materially adverse to the interests of the former client” (Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]). A conflict of interest exists in Ms. Spisto’s present representation of plaintiff Dr. Crump, after having represented the interests of Bayridge MR and all its shareholders, including defendant Dr. Lyons, in the previous dual capacities of lawyer and escrow agent in the sale of the business. Ms. Spisto’s for *970 mer representation of Bayridge MR and its shareholders is substantially related to the current litigation in that it arises out of the sale and proceeds of the sale of Bayridge MR. Thus, as a result of the present adversarial position, Ms. Spisto has not communicated directly with some of the defendants, even though as an escrow agent for the sale she has a duty to respond to inquiries of all of Bayridge MR’s shareholders in explaining her distribution of the sale proceeds (see, T.T.S.G., Inc. v Kubic, 226 AD2d 132; Mayer v Mayer, 164 Misc 2d 320, 321).
Second, Ms. Spisto’s representation of Dr. Crump jeopardizes confidences that she may have obtained in her representation of Bayridge MR (see, Code of Professional Responsibility DR 4- 101 [22 NYCRR 1200.19]). In this regard, the dispute of the parties, centering on money allegedly owed between them, may require that Ms. Spisto testify as to the distributions she made. As a result, and as a third reason mandating disqualification, her current representation may also run afoul of the advocate-witness rule (Code of Professional Responsibility DR 5- 102 [22 NYCRR 1200.21]; see, Cardinale v Golinello, 43 NY2d 288, 295-296, affg 55 AD2d 898 [2d Dept]; Nemet v Nemet, 112 AD2d 359, 360). As the Court of Appeals stated in the Cardinale case (supra, at 295-296): “The proscription against taking a case against a former client is predicated, however, on more than the possibility of use in the second representation of information confidentially obtained from the former client in the first representation. The limitation arises simply from the fact that the lawyer, or the firm with which he was then associated, represented the former client in matters related to the subject matter of the second representation. Accordingly, it is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment, or even that it was only other members of his firm who rendered the services to the client. Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client’s former attorney * * * The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests * * * '[W]ith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obliga *971 tions of the professional relationship’ ” (citations omitted; see also, Seeley v Seeley, 129 AD2d 625, 627 [2d Dept]; Burton v Burton, 139 AD2d 554 [2d Dept]; Rose Ocko Found, v Liebovitz, 155 AD2d 426, 427-428 [2d Dept]; Matter of Wogelt, 171 Misc 2d 29).
Accordingly, the court grants the branch of the defendants’ cross motion disqualifying Ms. Spisto from any further representation of plaintiffs in this case. The court stays any further proceedings in this matter until September 30, 1997, to enable plaintiffs to obtain new counsel (see, CPLR 321 [c]).