■ ANNE JARRELL, Respondent, v TIMOTHY JARRELL, Appellant. [714 NYS2d 462] —Judgment, Supreme Court, New York County (Walter Tolub, J.), entered December 28, 1999, which, to the extent appealed from as limited by the brief, upon a post-trial fact-finding decision dated July 9, 1999, as modified by a decision, same court and Justice, dated November 22, 1999, awarded maintenance and child support to plaintiff, directed defendant to pay a portion of the cost of plaintiff's medical insurance, children's unreimbursed and uninsured non-elective medical and dental expenses, child care expenses, tuition and summer camp, directed payment of marital assets and a proportionate repayment of debts, distributed personal property, awarded plaintiff a distributive award representing her share of defendant's enhanced earnings capacity derived from his M.B.A. earned during the marriage, awarded counsel fees to plaintiff and awarded plaintiff $28,487.88 plus interest for arrears in pendente lite maintenance and child support, unanimously modified, on the law, to delete the 15th decretal paragraph of said judgment, and to substitute therefor a provision entitling plaintiff to receive 40% of defendant's defined benefit/annuity pension plans with the Book of the Month Club, Inc. and Meredith, Inc. at the time distributions are actually made, and otherwise affirmed, without costs. Appeals from the aforementioned decisions, dated July 9, 1999 and November 22, 1999, unanimously dismissed, without costs.

The court did not violate the rule against double counting by awarding plaintiff wife spousal maintenance and a share of defendant husband's M.B.A., since after distributing the wife's share of the value of the husband's master degree, the court made a corresponding adjustment in the maintenance award (*cf., Grunfeld v Grunfeld*, 94 NY2d 696).

Although the husband asserts that the court erred in failing to specifically enumerate the factors considered in valuing his graduate degree, a trial court need not " ' "parrot the words of

the statute verbatim" ' " (*Fraley v Fraley*, 235 AD2d 997, quoting *Chasin v Chasin*, 182 AD2d 862, 864, quoting *Monette v Monette*, 177 AD2d 802, 803). The record reveals that, in valuing the husband's degree, the court carefully considered the appropriate factors, the legislative concerns reflected by those factors and the parties' stipulations (*Fraley v Fraley, supra*), and the valuation ultimately made was well founded in the testimony of the court-appointed evaluator and the parties' stipulation.

The court properly exercised its discretion in awarding the wife in this marriage of long duration maintenance for a limited period since, although she had opportunities for full-time employment, according to her testimony, credited by the court, the parties agreed that she would not seek full-time employment outside of the home so that she would be able to care for the parties' children (*see, Trank v Trank*, 210 AD2d 472). Contrary to the husband's assertion, since the judgment does not provide for an automatic adjustment of child support upon termination of maintenance, he was not entitled to deduct maintenance payments from his income (*see, Huber v Huber*, 229 AD2d 904).

The record supports the court's determination that the wife was entitled to child care expenses and that the husband was responsible for 79.5% of the private school education of both children. In addition, it was not premature to direct the husband to pay his share of the children's college education and related expenses since both parents had college, as well as graduate degrees, the children attended schools from which most children go to college and the wife earned considerably less than the husband (*see, Rocchio v Rocchio*, 213 AD2d 535; *cf., Tan v Tan*, 260 AD2d 543).

The court providently exercised its discretion in refusing to order the immediate sale of the marital residence, particularly since the husband received a credit representing his 60% share of the equity in such residence (*see, Ierardi v Ierardi*, 151 AD2d 548; *Cassano v Cassano*, 111 AD2d 208; *cf., Behrens v Behrens*, 143 AD2d 617).

Since the husband's credit card obligations have been discharged in bankruptcy, his contentions with respect thereto are moot. In any event, we note that the court considered the wife's purported overspending in fashioning the awards.

The judgment should be modified, however, with respect to the 15th decretal paragraph concerning the wife's share in the husband's retirement accounts with the Book of the Month Club and Meredith, Inc. since, as conceded by the wife, the

court erred in its calculations. Although the husband also seeks clarification of the trial court's award concerning his Children's Television Workshop 401 (a) and 403 (b) accounts, clarification should be sought from the court that made the award.

After carefully considering the circumstances of the case, the court properly awarded the wife attorneys' fees (see, Aronesty v Aronesty, 202 AD2d 240) and a money judgment for the pendente lite arrears.

Contrary to the husband's assertion, the judgment properly reflects the parties' custody agreement.

We have considered the husband's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.