■ BARBARA SCHUPAK, Respondent-Appellant, v LEONARD SCHUPAK, Appellant-Respondent. [732 NYS2d 858] —Judgment, Supreme Court, New York County (Joan Lobis, J.), entered November 29, 2000, which, *inter alia*, (1) awarded plaintiff lifetime maintenance in the amount of $10,000 per month until she reaches the age of 65, and then $6,000 per month until the death of either party or plaintiff's remarriage; (2) directed defendant to maintain health insurance for plaintiff at the same level provided at the time of trial; (3) directed defendant to maintain life insurance for the benefit of plaintiff in the amount of $500,000; (4) awarded plaintiff title to the parties' East Hampton home; (5) awarded defendant $102,000 in separate property; and (6) denied plaintiff's request to reopen the trial to revalue certain securities held by defendant, unanimously affirmed, without costs.

Whether to award permanent maintenance is a matter within the sound discretion of the trial court (*see*, Domestic Relations Law § 236 [B] [6] [a]; *Spencer v Spencer*, 230 AD2d 645, 648). Here, given the length of the marriage, the wife's poor health, her age, the court's well-supported finding that she was incapable of working, and the husband's very substantial financial resources, the court properly exercised its discretion in awarding permanent maintenance in the amounts indicated.

The court properly awarded plaintiff the couple's East Hampton home, with a concomitant cash credit to defendant for his share of that marital asset (see, e.g., Jarrell v Jarrell, 276 AD2d 353, 354, lv denied 96 NY2d 710; Sanders v Copley, 199 AD2d 152). The court also properly awarded defendant $102,000 as separate property, since the record supported the court's finding that the property in question was, in fact, separate. Finally, the court properly declined to reopen the trial to take evidence on the purported increase in defendant's stock/retirement holdings in his employer's company (see, Moody v Moody, 172 AD2d 730; Greenwald v Greenwald, 164 AD2d 706, lv denied 78 NY2d 855).

We have examined the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Ellerin, Buckley and Marlow, JJ.