■ KATHRYN McMANUS, Respondent, v DANIEL McMANUS, Appellant. [748 NYS2d 139] —Judgment, Supreme Court, New York County (Marjory Fields, J.), entered August 14, 2001, inter alia, distributing marital property and awarding plaintiff maintenance, unanimously affirmed, with costs.

Defendant is not entitled to a credit for the family business he inherited, or for any appreciation in the value of that business due to passive market forces between his inheritance and sale thereof, because, as the trial court found, he so commingled marital funds with the proceeds of the sale as to cause the proceeds to lose any separate character they may have originally had (*see Pullman v Pullman*, 176 AD2d 113, 114; *Karounos v Karounos*, 206 AD2d 407, 410; *Judson v Judson*, 255 AD2d 656, 657-658). In view of the foregoing, we need not review the trial court's findings that neither the business nor its appreciation were ever defendant's separate property. Nor is there reason to disturb the trial court's findings, largely based on witness credibility, pertaining to defendant's financial circumstances, and the maintenance award based thereon. We have considered and rejected defendant's other arguments, including that the parties' country house should have been sold rather than awarded to plaintiff with a cash credit to defendant for his share (*see Schupak v Schupak*, 288 AD2d 91, 92).

Concur—Williams, P.J., Nardelli, Mazzarelli, Marlow and Gonzalez, JJ.