■ JOHN PUGLISI, Appellant, v UNA PUGLISI, Respondent. [791 NYS2d 181]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Spolzino, J.), dated August 5, 2003, which, after a nonjury trial, inter alia, failed to award him maintenance, determined that a certain investment account was marital property, and distributed the defendant's pension fund and certain real property solely to the defendant.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In distributing the marital property, the Supreme Court properly considered the fact that the parties led separate economic existences throughout their marriage. Consequently, the court properly distributed the parties' Cape Cod residence to the defendant while crediting the plaintiff with an appropriate cash credit (*see Schupak v Schupak,* 288 AD2d 91 [2001]; *Moody v Moody,* 172 AD2d 730 [1991]; *Ierardi v Ierardi,* 151 AD2d 548 [1989]), and distributed the defendant's pension entirely to her (*cf. Majauskas v Majauskas,* 61 NY2d 481 [1984]; *Hamza v Hamza,* 247 AD2d 444 [1998]).

The amount and duration of maintenance is a matter within the sound discretion of the trial court (*see Gainey v Gainey,* 303 AD2d 628 [2003]; *Matter of Kornfeld v Kornfeld,* 224 AD2d 620 [1996]). Under the circumstances of this case, the denial of the plaintiff's application for maintenance was a proper exercise of the court's discretion.

The plaintiff's remaining contentions are without merit. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.