■ BRIAN COOPER, Respondent, v KAREN WENIG COOPER, Appellant. [862 NYS2d 32]—

Judgment, Supreme Court, New York County (Steven E. Lieberman, Special Ref.), entered May 12, 2006, distributing the couple's marital assets and fixing maintenance and child support based on valuation of those assets, unanimously modified, on the law, defendant awarded half the $273,000 cash value remaining in the Guardian Annuity at the time plaintiff transferred it to his father for no consideration, and otherwise affirmed, without costs.

The Special Referee properly credited the neutral forensic accountant to the extent he found that the parties lived a lavish lifestyle based on the mortgaging of most of their assets, and that plaintiff had not improperly dissipated marital assets, with one exception. It is uncontested that at the time plaintiff transferred the couple's Guardian Annuity to his father, it had a cash value of $273,000, and there is no evidence of any consideration for this transfer (*see Davis v Davis*, 175 AD2d 45, 47 [1991]). Therefore, defendant is entitled to half the value of this marital asset. However, it was not a dissipation of assets for plaintiff to decide not to try to make payments on the marital home, or any other home, by using that home's line of credit to avoid foreclosure. These assets were already burdened with debt, and taking on further debt to pay the mortgages would only have put off the inevitable. While the forensic accountant was not able to account for every expenditure, the record supports his conclusion that the parties' expenditures reasonably approximated the consumption of capital assets. Thus, the Special Referee properly concluded that there was no reason to believe plaintiff secreted marital funds or further dissipated marital assets.

The Special Referee also properly found that the property at 1200 Broadway in Manhattan was plaintiff's separate property. It is uncontested that this apartment was purchased prior to the marriage. While a mortgage was taken out on the property during the marriage and was repaid with marital assets, there is no evidence that any of the mortgage proceeds were used to enhance the value of the apartment or that defendant contributed to its value in any way. The record supports the conclusion that the proceeds of this mortgage were used to maintain the couple's extravagant lifestyle, and was tantamount to a loan from this separate property to the marriage. It did not convert the property into a marital asset (*compare Heine v Heine*, 176 AD2d 77 [1992], *lv denied* 80 NY2d 753 [1992]; *Zelnik v Zelnik*, 169 AD2d 317 [1991]).

The Special Referee also properly found that the property at 222 East 80th Street was defendant's separate property. While defendant testified that this property belonged to her parents, her former lawyer testified that defendant had admitted to him the property was, in fact, hers, but kept in her parents' names. We find no reason to disturb the Special Referee's credibility determination in this regard (*see generally McManus v McManus*, 298 AD2d 189 [2002]).

While there was evidence that plaintiff received assistance from his wealthy father, the Special Referee did, in fact, impute to plaintiff income of $165,000 per year (*see Isaacs v Isaacs*, 246 AD2d 428 [1998]), and defendant offers no reason why this amount was inadequate.

Defendant is not entitled to a new hearing based on the admittedly excessive delay in the decision by the Special Referee. She never sought a new hearing prior to the filing of the decision (CPLR 4319). Defendant asserts that the file was misplaced and certain exhibits lost, but cites nothing in the record to substantiate this assertion. In any event, she makes no persuasive argument as to how the delay or purportedly lost exhibits prejudiced her, except to express her displeasure with the result of the decision.

We have examined defendant's remaining contentions and find them unavailing. Concur—Gonzalez, J.P., Nardelli, Sweeny and McGuire, JJ.