In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Leis, J.), entered January 5, 2007, which, upon a decision of the same court dated November 9, 2006, made after a nonjury trial, inter alia, (1) valued the parties’ investment accounts as of the date of commencement of the action, rather than as of the date of trial, (2) failed to direct the sale of the marital residence, (3) awarded the plaintiff maintenance in the sum of $1,250 per month for five years, nontaxable to her, (4) directed him to provide the plaintiff *462 with health insurance, and (5) directed a distribution of the parties’ personal property.
Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff maintenance in the sum of $1,250 per month for five years, nontaxable to the plaintiff, and substituting therefor a provision awarding the plaintiff maintenance in the sum of $1,250 per month for five years, taxable to her and tax deductible for the defendant, (2) by deleting the provision thereof directing the defendant to provide the plaintiff with health insurance, and (3) by deleting the provision thereof directing a distribution of the parties’ personal property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing regarding the distribution of the parties’ personal property and, if necessary, for the entry of an amended judgment containing a distribution thereof.
The defendant contends that the court erred in valuing the parties’ investment accounts as of the time of commencement of the action, rather than as of the date of trial. “It is well settled that the trial court has broad discretion in selecting the dates for the valuation of marital assets and, depending on the particular circumstances of the case, may appropriately fix different valuation dates for different assets” (Kirshenbaum v Kirshenbaum, 203 AD2d 534, 535 [1994]; see Domestic Relations Law § 236 [B] [4] [b]; Pauk v Pauk, 232 AD2d 386, 388 [1996]). Here, the trial court properly exercised its discretion in valuing the parties’ investment accounts as of the time of commencement of the action based on its determination that the defendant dissipated the accounts during the pendency of this action (see Iwanow v Iwanow, 39 AD3d 471, 474 [2007]; Siegel v Siegel, 132 AD2d 247, 251 [1987]).
Furthermore, contrary to the defendant’s contention, the court did not err in declining to consider his tax liabilities resulting from the liquidation and distribution of the investment accounts. Where, as here, a party failed to offer any competent evidence concerning tax liabilities, the court was not required to consider the tax consequences of its award (see Milewski v Milewski, 197 AD2d 562, 563 [1993]; Schanback v Schanback, 159 AD2d 498 [1990]; Maloney v Maloney, 137 AD2d 666, 667 [1988]).
Under the circumstances, the trial court providently exercised its discretion in refusing to order the sale of the marital residence, particularly since the defendant received a credit *463 representing his share of the equity in the residence (see Jarrell v Jarrell, 276 AD2d 353, 354 [2000]; Ierardi v Ierardi, 151 AD2d 548, 548-549 [1989]). Moreover, contrary to the defendant’s contention, the court properly valued the marital residence based on the most recent appraisal, which was proximate to the date of trial (see Moody v Moody, 172 AD2d 730 [1991]; Wegman v Wegman, 123 AD2d 220, 232 [1986]).
Upon consideration of the relevant factors, the trial court providently exercised its discretion in awarding the plaintiff maintenance in the sum of $1,250 per month for five years (see Domestic Relations Law § 236 [B] [6] [a]; Hathaway v Hathaway, 16 AD3d 458, 460 [2005]). However, the award of maintenance should have been made taxable to the plaintiff and tax deductible for the defendant (see Grumet v Grumet, 37 AD3d 534, 536 [2007]; Markopoulos v Markopoulos, 274 AD2d 457, 459 [2000]).
The defendant contends that the court erred in ordering him to provide the plaintiff with health insurance. Since, the plaintiff has consented to relieving the defendant of his obligation to provide her with health insurance, we delete that provision from the judgment.
The defendant contends that the trial court erred in failing to distribute the parties’ personal property. Although the judgment contained a provision directing the distribution of the parties’ personal property as set forth in exhibit 1, annexed thereto, that exhibit did not provide a basis for distribution. As there is no indication in the record that the court did, in fact, direct the distribution, we remit the matter to the Supreme Court, Suffolk County, for a hearing regarding the distribution of the parties’ personal property and, if necessary, for the entry of an amended judgment thereafter containing a distribution thereof.
The defendant’s remaining contentions are without merit. Rivera, J.E, Lifson, Miller and Eng, JJ., concur.