■ ROBERT RUBACKIN, Appellant, v SHEILA RUBACKIN, Respondent. [968 NYS2d 108]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Rockland County (Garvey, J.), entered November 16, 2011, as, upon a decision of the same court dated July 27, 2009, and an order of the same court dated February 17, 2010, made after a nonjury trial, awarded the defendant her entire pension as a distributive award, free of any claims by the plaintiff, determined that the defendant had validly exercised her right of first refusal to purchase the marital residence, and valued the marital home at $479,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff argues that the Supreme Court erred in awarding the defendant her entire pension, free of any claims by the plaintiff, and in determining that the defendant had validly exercised a right of first refusal to purchase the marital home for a listed price of $479,000.

Regarding the pension, the Supreme Court must consider the equitable distribution factors articulated in Domestic Relations Law § 236 (B) (5) (d) (*see Morille-Hinds v Hinds*, 87 AD3d 526, 527 [2011]; *Milnes v Milnes*, 50 AD3d 750 [2008]). However, "[w]here it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor" (*Milnes v Milnes*, 50 AD3d 750, 750 [2008]; *see Morille-Hinds v Hinds*, 87 AD3d at 527; *Spera v Spera*, 71 AD3d 661, 662 [2010]). Contrary to the plaintiff's contention, the Supreme Court considered each of the statutory factors of Domestic Relations Law § 236 (B) (5) (d) and adequately based its pension determination upon the defendant's role in recent years as the parties' primary wage earner and the primary caregiver to the parties' children. In addition, the Supreme

Court properly considered the plaintiff's receipt of a $2 million inheritance in arriving at its pension determination.

Contrary to the plaintiff's contention, the Supreme Court properly valued the marital residence at $479,000, which is the price for the residence set forth in a listing agreement that had been entered into by the plaintiff with a realtor (*see generally Taverna v Taverna*, 56 AD3d 461 [2008]; *Moody v Moody*, 172 AD2d 730 [1991]; *Wegman v Wegman*, 123 AD2d 220 [1986]). Moreover, the Supreme Court did not err in determining that the defendant had validly exercised her right of first refusal to purchase the marital residence at that price. Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.