■ Koya Abe, Appellant, v Nancy Barton et al., Respondents. [985 NYS2d 538]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered September 13, 2012, which, insofar as appealed, denied plaintiff's motion to rescind a stipulated order of reference to determine the issue of whether the parties should execute a confidentiality stipulation covering certain documents to be produced by defendants, as well as the terms of any such stipulation, unanimously affirmed, without costs. Order (same court, Ira Gammerman, J.H.O.), entered January 31, 2013, directing that the parties execute a confidentiality stipulation and that such stipulation be "so-ordered," unanimously affirmed, without costs.

The stipulation underlying the order of reference (reference stipulation), which stated that the parties were consenting to the appointment of a referee pursuant to CPLR 4317 (a) to determine "the issue of . . . terms of any confidentiality stipulation and order, if any," is unambiguous. Taken as a whole, it provides for the appointment of a referee to determine whether a confidentiality stipulation and order should be issued, and, if so, what its terms should be (*see Aivaliotis v Continental Broker-Dealer Corp.*, 30 AD3d 446, 447 [2d Dept 2006]). Moreover, plaintiff's proposed construction, that the concluding words "if any" mean that he could unilaterally decide not to enter into a confidentiality stipulation, would defeat the purpose of the document, which was to appoint a referee to *determine* issues relating to a confidentiality stipulation. Even assuming that the reference stipulation is somehow ambiguous, warranting resort to extrinsic evidence (*see Benjamin v New York City Dept. of Health*, 57 AD3d 403, 404 [1st Dept 2008], *lv dismissed* 14 NY3d 880 [2010]; *Aivaliotis*, 30 AD3d at 447), the extrinsic evidence to which plaintiff points is unavailing.

The entry of the September 2012 order rejecting the JHO's initial report as beyond the scope of the order of reference did not divest the JHO of power to issue the subsequent January 2013 order directing the parties to enter into the confidentiality stipulation, as the subsequent determination was within the scope of the reference (*see 401 Hotel v MTI/Image Group*, 271

AD2d 228, 229 [1st Dept 2000]). Plaintiff's contention that the January 2013 order was issued after the 30 days provided for in CPLR 4319 is unavailing, since plaintiff never moved to compel the JHO to issue a determination (*see Cooper v Cooper*, 52 AD3d 429, 430 [1st Dept 2008]).

Taking into consideration the context of the order of reference and the nature of information sought to be protected as reflected in the parties' submissions, we find that the record supports the JHO's determination that a confidentiality stipulation is warranted. We further find that the JHO providently exercised his discretion in determining that the stipulation should take the form of defendants' proposed draft.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Saxe, Freedman and Richter, JJ.