■ SUZANNE CAVALUZZO, Respondent, v RAYMOND CAVALUZZO, Appellant. [994 NYS2d 603]—

Judgment of divorce, Supreme Court, Bronx County (Diane Kiesel, J.), entered November 18, 2013, to the extent appealed from as limited by the briefs, awarding plaintiff $93,322 as her interest in an investment property and entitling her to claim all three of the parties' children as dependents for income tax purposes, unanimously affirmed, without costs.

Upon consideration of the tax consequences to each party of the disposition of the investment property (*see* Domestic Relations Law § 236 [B] [5] [d] [11]), Supreme Court properly found that it would be inequitable to saddle plaintiff with any capital gains tax liability that defendant might incur upon a sale of the property at some point in the future (*see Wacholder v Wacholder*, 188 AD2d 130, 137-138 [3d Dept 1993]). While defendant will incur no taxes upon the transfer to him of plaintiff's interest in the property, he will enjoy any increase in the value of the property.

Defendant's reliance on *Wechsler v Wechsler* (58 AD3d 62, 70 [1st Dept 2008], *appeal dismissed* 12 NY3d 883 [2009]) is misplaced. In that case, the assets were securities of a holding company, which the husband "necessarily" had to sell every year to meet his distributive award obligations. Thus, the sale to third parties was considered imminent, and the embedded capital gains tax was deducted from the value of the securities. There is no imminent sale here. Nor did the parties' stipulation require the court to deduct embedded capital gains from the investment property. It vested the court with discretion to determine the amount due to plaintiff for her interest in the property if defendant purchased it in a buyout.

The court properly permitted plaintiff to declare all the children as exemptions for income tax purposes. The children live with plaintiff, who earns half what defendant earns, and in the past few years defendant declared the children as dependents on his own tax returns. The fact that defendant was meeting part of the children's financial needs did not require the court to permit him to declare any of the children as dependents on his tax return. Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.