■ ELAINE GALANOPOULOS, Respondent, v DIMITRIOS GALANO-POULOS, Appellant. [59 NYS3d 122]—

Appeal by the defendant from stated portions of a judgment of divorce of the Supreme Court, Westchester County (Linda Christopher, J.), dated January 14, 2015. The judgment, insofar as appealed from, upon a decision of that court dated November 7, 2014, made after a nonjury trial, inter alia, awarded the plaintiff maintenance, failed to direct the sale of the marital residence, and equitably distributed the parties' marital property.

Ordered that the judgment of divorce is affirmed insofar as appealed from, with costs.

The parties were married on May 6, 1990, and are the parents of two emancipated children. During the marriage, the plaintiff was the primary caregiver for the children and a homemaker. The defendant owned a restaurant in Manhattan. In 2012, after 22 years of marriage, the plaintiff commenced this action for a divorce and ancillary relief. A nonjury trial was held on the issues of equitable distribution of the marital property and maintenance. The Supreme Court issued a decision after trial, and subsequently a judgment, inter alia, awarding the plaintiff the marital residence, with a credit to the defendant in the amount of $315,000, and maintenance in the amount of $5,000 per month from December 1, 2014, until November 1, 2017, then $4,000 per month until November 1,

2020, and then $3,000 per month until October 31, 2023. The plaintiff was also awarded the total sum of $514,564, representing her equitable share of numerous real estate investment properties located in New Jersey, including the sum of $83,500, representing one half of the value of funds the defendant had withdrawn from an account in his name with Eurobank. The defendant appeals, as limited by his notice of appeal, from stated portions of the judgment of divorce.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Repetti v Repetti*, 147 AD3d 1094, 1096 [2017] [internal quotation marks omitted]; *see Kaprov v Stalinsky*, 145 AD3d 869, 874 [2016]). "The factors to consider in awarding maintenance include 'the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance'" (*Horn v Horn*, 145 AD3d 666, 668 [2016], quoting *Kret v Kret*, 222 AD2d 412, 412 [1995]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Sansone v Sansone*, 144 AD3d 885, 886 [2016] [internal quotation marks omitted]). Considering the relevant factors, in this case, the amount and duration of the maintenance award was a provident exercise of discretion (*see Ralis v Ralis*, 146 AD3d 831, 833 [2017]; *Bogenschultz v Green*, 144 AD3d 958, 959 [2016]; *Maddaloni v Maddaloni*, 142 AD3d 646, 654 [2016]; *Perdios v Perdios*, 135 AD3d 840, 842 [2016]).

In addition, under the circumstances, the Supreme Court did not improvidently exercise its discretion in declining to order the sale of the marital residence, particularly since the defendant received a credit representing his share of the equity in the residence (*see Taverna v Taverna*, 56 AD3d 461, 462-463 [2008]; *Puglisi v Puglisi*, 16 AD3d 477, 477 [2005]; *Jarrell v Jarrell*, 276 AD2d 353, 354 [2000]; *Ierardi v Ierardi*, 151 AD2d 548, 548-549 [1989]).

Furthermore, the Supreme Court providently exercised its discretion in awarding the plaintiff the sum of $83,500, representing one half of the value of the funds the defendant had withdrawn from the Eurobank account, on the ground that the

defendant failed to present sufficient evidence that the source of those funds was his separate property (see Hymowitz v Hymowitz, 119 AD3d 736, 739-740 [2014]; Spera v Spera, 71 AD3d 661, 664 [2010]; D'Angelo v D'Angelo, 14 AD3d 476, 477 [2005]). Moreover, the defendant failed to establish that he was entitled to a separate property credit in the amount of $110,000 for the appreciation in value of a property located on Third Street in Jersey City, New Jersey, as of the date of the marriage (see Iacono v Iacono, 145 AD3d 972, 973 [2016]; Renck v Renck, 131 AD3d 1146, 1149 [2015]).

Contrary to the defendant's contention, the Supreme Court did not err in declining to consider his potential tax liabilities resulting from a future sale of property located on 17th Avenue in Patterson, New Jersey. There was no evidence of an impending sale of that property, and it would be inequitable to saddle the plaintiff with any capital gains tax liability that the defendant might incur upon a sale of the property at some point in the future (see Cavaluzzo v Cavaluzzo, 121 AD3d 538, 539 [2014]). Moreover, where, as here, a party fails to offer any competent evidence concerning tax liabilities, the court is not required to consider the tax consequences of its award (see Peritore v Peritore, 66 AD3d 750, 753 [2009]; Taverna v Taverna, 56 AD3d at 462; Chase v Chase, 208 AD2d 883, 884-885 [1994]).

The defendant contends that the Supreme Court improvidently exercised its discretion in awarding the plaintiff a property located in Long Beach, New Jersey, one half of the cash surrender value of a Prudential Life Insurance policy, and the sum of $17,500, representing one half of the marital funds used to renovate his separate properties in Greece. As the plaintiff correctly argues, these contentions are not properly before this Court, as they are beyond the scope of his limited notice of appeal (see White v Farrell, 20 NY3d 487, 493 n 1 [2013]; O'Brien v Town of Huntington, 131 AD3d 685, 687 [2015]; Hatem v Hatem, 83 AD3d 663, 664 [2011]; City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 516-517 [1997]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.