Gargano v Morey (2018 NY Slip Op 06882)





Gargano v Morey


2018 NY Slip Op 06882


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-07228
 (Index No. 608026/15)

[*1]Salvatore Gargano, et al., appellants, 
v
Michael Morey, et al., defendants, Monroe Tractor & Implement Co., Inc., respondent.


Luibrand Law Firm, PLLC, Latham, NY (Kevin A. Luibrand of counsel), for appellants.
Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C., Albany, NY (Brienna L. Christiano of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered May 25, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendant Monroe Tractor & Implement Co., Inc., which were pursuant to CPLR 3211(a)(7) to dismiss the second, tenth, eleventh, and seventeenth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs allege that they invested the sum of $3,006,000 in a crushed stone mining operation, and that the defendants defrauded them of their investment. The defendant Monroe Tractor & Implement Co., Inc. (hereinafter Monroe), provided mining equipment for the operation.
Monroe made a pre-answer motion pursuant to CPLR 3211(a) to dismiss certain causes of action asserted against it. The causes of action at issue on this appeal are: (1) the second cause of action, seeking the imposition of a constructive trust against Monroe based on allegations that Monroe agreed to hold the plaintiffs' investment until an agreement was reached on what equipment to purchase and how to finance the purchase; (2) the tenth cause of action, seeking money had and received and alleging that Monroe received money from the plaintiffs, retained it, and benefitted from it; (3) the eleventh cause of action, alleging that Monroe was unjustly enriched in the sum of $2,191,000 at the expense of the plaintiffs; and (4) the seventeenth cause of action, sounding in quasi contract and alleging that the plaintiffs rendered performance at Monroe's request, resulting in Monroe's unjust enrichment.
In support of its motion to dismiss, Monroe submitted an affidavit of Scott Erb, a division manager of Monroe, who stated that Monroe's sole involvement in the mining operation was the provision of equipment to the defendant Grande Aggregates, LLC (hereinafter Grande Aggregates), which was paid for by the plaintiff Salvatore Gargano. Erb asserted that Monroe was aware that the defendants Gregory Grande and Sean Carroll were in business together with Gargano. [*2]Further, Erb asserted that Monroe received the sum of $250,000 on May 1, 2015, as a down payment for three machines used in mining, and that on June 10, 2015, Gargano wired Monroe an additional $1,941,000 for those machines. Monroe also submitted a purchase agreement between Grande Aggregates and Monroe dated June 8, 2015, for the purchase of those three machines.
In opposition, the plaintiffs submitted an affidavit of Gargano, who stated that Grande and Carroll approached him in 2014, claiming that they had control over a crushed stone mining operation on property owned by the defendant Michael Morey, and solicited money for an investment in the operation. Gargano asserted that Morey, Grande, and Carroll used his money to mine the property and then set up multiple paper entities to conceal assets and keep revenues out of the hands of the plaintiffs. Gargano stated that the defendant companies were all shell companies, with the exception of Monroe, which actually sold equipment.
In the order appealed from, the Supreme Court, inter alia, granted those branches of Monroe's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, tenth, eleventh, and seventeenth causes of action on the ground that the allegations against Monroe were conclusory.
The plaintiffs appeal. Their notice of appeal states that the appeal is "from so much" of the order as granted dismissal of the second, tenth, eleventh, and seventeenth causes of action. In its brief, Monroe seeks enforcement of this specific limitation of the appeal. Therefore, this limitation should be enforced (see Galanopoulos v Galanopoulos, 152 AD3d 745, 747), and our analysis is confined to those causes of action.
The elements of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d 119, 121). A confidential or fiduciary relationship exists between two persons or entities when one of them is under a duty to act for or to give advice for the benefit of the other upon matters within the scope of the relation (see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 11 NY3d 146, 158). Such a relationship exists where confidence is reposed on one side, and there is resulting superiority and influence on the other (see id. at 158).
Where a party holds funds in escrow for another and serves as an escrow agent, a fiduciary relationship may be developed (see T.T.S.G., Inc. v Kubic, 226 AD2d 132). However, there must be evidence of an escrow agreement based upon words or conduct (see Great Am. Ins. Co. v Canandaigua Natl. Bank & Trust Co., 23 AD3d 1025, 1027; see generally Baquerizo v Monasterio, 90 AD3d 587). The elements of an escrow agreement are an agreement as to the subject matter of the escrow, delivery of the funds to a third-party depository conditioned upon the performance of some act or the occurrence of some event, and relinquishment of the funds by the grantor (see Mortgage Elec. Registration Sys., Inc. v Maniscalco, 46 AD3d 1279, 1281; Rock Oak Estates v Katahdin Corp., 280 AD2d 960, 962).
It was alleged that the plaintiffs forwarded payments to Monroe as deposits or payments for the mining equipment. Monroe provided mining equipment to its customer Grande Aggregates, and the plaintiffs were business associates of Grande Aggregates. There were no allegations of a fiduciary relationship between the plaintiffs and Monroe. Therefore, we agree with the Supreme Court's determination to grant dismissal of the second cause of action, seeking the imposition of a constructive trust.
A cause of action sounding in money had and received is based upon quasi contract. Its essential elements are " (1) the defendant received money belonging to the plaintiff, (2) the defendant benefitted from receipt of the money, and (3) under principles of equity and good conscience, the defendant should not be permitted to keep the money'" (County of Suffolk v Suburban Hous. Dev. & Research, Inc., 160 AD3d 607, 610, quoting Goel v Ramachandran, 111 AD3d 783, 790; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). A cause of action for money had and received is similar to a cause of action to recover damages for unjust enrichment, the essence of which is that one party has received money or a benefit at the expense of another (see Goldman v Simon Prop. Group, Inc., 58 AD3d 208, 219). "The elements of a cause of action [*3]sounding in unjust enrichment are (1) the defendant was enriched, (2) at the plaintiff's expense, and (3) that it is against equity and good conscience to permit the defendant to retain what is sought to be recovered'" (Betz v Blatt, 160 AD3d 696, 701, quoting Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003, 1006). There are no allegations that Monroe retained money for no consideration.
With respect to the plaintiffs' cause of action sounding in quasi contract, Monroe had contracts memorialized in writing to provide mining equipment—only its contracts were with Grande Aggregates. The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi contract for events arising out of the same subject matter (see Amrusi v Nwaukoni, 155 AD3d 814, 815). Assuming arguendo that the plaintiffs were third-party beneficiaries of those contracts, their status as third-party beneficiaries would not permit them to recover in quasi contract (see IMS Engrs.-Architects, P.C. v State of New York, 51 AD3d 1355).
In view of the foregoing, the plaintiffs failed to state causes of action against Monroe sounding in money had and received, unjust enrichment, and quasi contract. Accordingly, we agree with the Supreme Court's determination to grant dismissal of the tenth cause of action, sounding in money had and received, the eleventh cause of action, sounding in unjust enrichment, and the seventeenth cause of action, sounding in quasi contract.
The plaintiffs' remaining contention is not properly before this Court (see Galanopoulos v Galanopoulos, 152 AD3d at 747).
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court