Rudolph E. Iacobucci, Appellant, v Olga M. Iacobucci, Respondent.

Following a 36-year marriage wherein the plaintiff was the owner of a successful insurance business and sole wage earner and the defendant was a homemaker and mother to the parties' four children, the defendant was granted a judgment of divorce on the ground of abandonment. Following a prolonged trial to determine the distribution of the parties' assets, the court directed equal distribution of the marital property and further directed that the defendant turn over to the plaintiff one half of her shares in the family business.

Initially we note that any attempted valuation of the 26 shares held by the defendant would have involved undue speculation and conjecture. As the parties' son, the majority shareholder of 74 shares, did not indicate any intention of purchasing these shares, which concededly had no value to an outside party, and no indication of their worth through book value or a valuation agreement was produced, we conclude that the court properly ordered an equal division thereof.

With respect to the distributive award, we note that the court carefully evaluated all of the factors enumerated in Domestic Relations Law § 236 (B) (5) (d) in its determination and, in light of the duration of the marriage and the defendant's contributions to the marriage, the record reveals that the distributive award was proper. While there is no requirement of equal or 50-50 distribution, the court possesses great flexibility in molding an appropriate judgment (see, Arvantides v Arvantides, 64 NY2d 1033, Rodgers v Rodgers, 98 AD2d 386, appeal dismissed 62 NY2d 646) and we find that under the circumstances of this case an equal distribution of the marital property is called for (see, Bisca v Bisca, 108 AD2d 773, appeal dismissed 66 NY2d 741).

In light of the plaintiff's 35 years of experience in the

insurance industry and the defendant's lack of marketable skills, we concur with the court's evaluation of the factors to be considered in making an award of maintenance under Domestic Relations Law § 236 (B) (6) and conclude that the award of $500 per month is neither excessive nor onerous in light of the parties' contributions to the marriage and their respective earning ability *(see, Kay v Kay,* 37 NY2d 632).

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.