■ CAROL L. TARASCIO, Respondent, v JOSEPH M. TARASCIO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated April 10, 1990, as, after a nonjury trial, (1) awarded child support to the plaintiff wife in the

amount of $8,555.32 per annum ($4,277.66 per child), (2) directed the defendant to pay certain outstanding bills, (3) distributed the parties' marital property, and (4) awarded the plaintiff $8,500 in counsel fees and disbursements.

Ordered that the judgment is modified, on the law, by reducing the combined annual total child support to $7,255.33, and adding thereto a provision adjusting the combined annual total child support to $8,555.32 upon termination of maintenance to the plaintiff; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

Contrary to the husband's contention, the court did not improvidently exercise its discretion in awarding the wife $4,000 as her equitable share of an Oldsmobile automobile valued at $19,000, which remains in the husband's possession. Furthermore, the court properly directed the husband to pay the marital debts.

We find, however, that the court, in computing the husband's income to determine the basic child support obligation, neglected to reduce the husband's income by the amount of maintenance to be paid to the wife pursuant to the judgment of divorce (see, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).

It was not an improvident exercise of discretion for the court to award the wife approximately one half of her attorneys' fees considering her inability to pay the entire cost of her legal representation and that some of her legal fees were incurred because the husband failed to comply with a prior order of the court (see, Ginsberg v Ginsberg, 164 AD2d 906; Denholz v Denholz, 147 AD2d 522). Thompson, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.