■ WILLIAM F. CINNAMOND, Appellant, v PATRICIA J. CINNAMOND, Respondent. [610 NYS2d 276] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Goldstein, J.), entered August 6, 1991, which, *inter alia,* (1) granted custody of the infant issue of the parties to the defendant wife, (2) awarded the wife maintenance in the amount of $150 per week for two years following the date of entry of the judgment, and $100 per week for the next two years, (3) awarded the wife $7,500 in counsel fees, and (4) awarded the wife possession of certain personal property in the marital residence.

Ordered that the appeal from so much of the judgment as awarded the defendant custody of the infant issue of the parties is withdrawn by letter dated May 11, 1993; and it is further,

Ordered that the judgment is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties were married on April 5, 1975. Thereafter, the parties' daughter was born on January 28, 1980. A few months prior to the child's birth, the defendant, who earned between $19,000 and $20,000 per year as a registered nurse, stopped working. After the birth of the child, the parties agreed that the defendant should remain at home to care for the child. The plaintiff earns a gross income of approximately $40,000.

Under the circumstances, we find that the trial court properly awarded the defendant maintenance of limited duration. Although the defendant is a registered nurse and possesses the ability to become self-supporting, she has been out of the work force for 12 years and she will not be able to immediately return to full-time work in light of her custody of the parties' child. Thus, the award of maintenance was appropri-

ate to allow the defendant sufficient time to reenter the work force.

Moreover, it was not an improvident exercise of discretion for the court to award the defendant one quarter of her reasonable counsel fees considering her inability to pay her own fees, the parties' disparate incomes, and the fact that some of the defendant's legal fees were incurred because of the plaintiff's dilatory tactics *(see, Tarascio v Tarascio,* 183 AD2d 890; *Robinson v Robinson,* 166 AD2d 428; *cf., Leabo v Leabo,* 203 AD2d 254 [decided herewith]).

The plaintiff's remaining contentions are without merit. Miller, J. P., Copertino, Santucci and Goldstein, JJ., concur.