■ CLAUDIA SAASTO, Respondent-Appellant, v ERNEST O. SAASTO, Appellant-Respondent. [621 NYS2d 660] —In an action for divorce and ancillary relief, (1) the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Goodman, J.), entered August 28, 1992, which, *inter alia,* (a) distributed the parties' real property, (b) awarded the plaintiff $30,000 in counsel fees and $15,000 in accountant's fees, (c) ordered the defendant to furnish medical, hospital, and dental insurance to the plaintiff and the children, in addition to making him responsible for the first $2,000 per calendar year of non-deductible and non-covered medical expenses, and ordering each party to share equally in any non-covered and non-deductible medical expenses incurred in excess of $2,000, and (2) the plaintiff cross-appeals, as limited by her brief, from stated portions of the same judgment, which, *inter alia,* valued the defendant's legal practice at $64,938, and awarded her one-half of that sum as her interest in the practice.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant husband contends, among other things, that the court erred in failing to give him credit, as separate property, for $5,000 used in 1973 and $2,000 used in 1974 to purchase real property, as well as $11,000 from the sale of a lease and option to purchase a portion of certain of his real property located in Brooklyn, New York. The defendant further argues that $25,000 he received when he mortgaged the Brooklyn property should also be treated as separate property. We disagree. The term "marital property" should be construed broadly, while the term "separate property" as an exception to marital property is to be construed narrowly (see, Price v Price, 69 NY2d 8, 15). A court is not bound by a party's own account of his or her finances, and where a party fails to trace the sources of money claimed to be separate property, the court is justified in treating it as marital property (see, Sarafian v Sarafian, 140 AD2d 801, 804). With regard to the sums of $5,000, $2,000, and $11,000, respectively, the defendant relies solely on his own account of the origin of this money. With regard to the $25,000 he received when he mortgaged the Brooklyn property, the plaintiff cosigned the note and was obligated for its repayment. Although the defendant claims that the mortgage note was repaid with his separate funds, he again offers no evidentiary support for this assertion beyond his own testimony. Thus, the court properly declined to credit the defendant with the above amounts as separate property.

The trial court properly determined that the plaintiff wife should not have her equitable distribution award reduced to reflect the loss in value of property the defendant purchased in Lindenhurst, New York. One month after leaving the marital home, the defendant used $60,000 of marital assets to purchase the Lindenhurst property, without the knowledge or consent of the plaintiff, and the record supports a conclusion that the defendant did not intend to share this property with the plaintiff. Each item of marital property need not be divided equally. The trial court possesses flexibility to mold a decree which is fair and just (see, Arvantides v Arvantides, 64 NY2d 1033, 1034; Rodgers v Rodgers, 98 AD2d 386, 391). Under the above circumstances, it was fair and equitable that the plaintiff not share in the loss of value on this property.

The trial court also properly ordered the defendant to pay $30,000 to the plaintiff's counsel. The plaintiff's counsel testified that the defendant's obstructionist tactics caused the legal

fee to be inflated by approximately this amount *(see, Cinnamond v Cinnamond,* 203 AD2d 229; *Tarascio v Tarascio,* 183 AD2d 890). The court credited this testimony, which is supported by the record.

It was also not an improper "open-ended obligation" for the court to order the defendant to pay 50% of "[a]ll non-covered and non-deductible medical expenses [the wife and children] incurred in excess of the first $2,000" *(see, Aiken v Aiken,* 206 AD2d 399; *Matter of Cassano v Cassano,* 203 AD2d 563).

The plaintiff contends, among other things, that, instead of valuing the defendant's law practice, the court should have valued his law license, as the plaintiff's expert had done. Again, we disagree. The defendant's practice was well established, and, as such, his license should be deemed to have merged with and been subsumed by the practice *(see, Marcus v Marcus,* 137 AD2d 131, 139-140). The record supports the court's conclusion that the plaintiff's expert's valuation was "based on speculative reconstructed income" and was "an unreliable basis on which to value the husband's practice". Also, the plaintiff's assertion that the defendant's obstructionist behavior made it impossible to valuate his law practice is not supported by the record.

We have examined the remaining contentions of both parties and find them to be without merit. Sullivan, J. P., Thompson, Copertino and Pizzuto, JJ., concur.