■ RITA MUTT, Respondent, v JOHN MUTT, Appellant. [662 NYS2d 133] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered February 15, 1996, which, *inter alia,* (1) awarded the plaintiff wife 50% of his interest in Nassau Precision Instruments, Inc., (2) awarded the wife a 100% interest in the premises located at 169 Woodacres Road, East Patchogue, New York, and (3) directed him to pay one-half of the expert fees incurred by the wife in valuing marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contention, it was not error for the trial court to distribute 100% of the parties' interest in their East Patchogue residence to the plaintiff. This was a second marriage for both parties, and both parties owned their own homes before they wed in 1984. The plaintiff sold her house, and contributed $40,000 of the proceeds from this sale, as well as a $5,000 loan from a friend, toward the $90,000 purchase price of the East Patchogue premises. Thus, the entire down payment, which represented a substantial share of the purchase price, came from funds which were clearly the plaintiff's separate property (*see,* Domestic Relations Law § 236 [B] [1] [d]; *Kozlowski v Kozlowski,* 221 AD2d 322). In contrast, the defendant was unable to substantiate his claim that he contributed $9,000 toward the purchase price of the East Patchogue premises. Moreover, the defendant retained ownership of the Mastic residence he had purchased prior to the marriage, and although the mortgage on the Mastic property was paid with funds drawn from the parties' joint account, he did not contribute rental proceeds from his home to the marriage. There was also evidence that the parties had agreed that the Mastic property would remain the defendant's separate property, while the East Patchogue residence would be the separate property of the plaintiff.

We further find no merit to the defendant's contention that he was entitled to an equitable distribution of the appreciation in value of the East Patchogue property, since there is no evidence that the property actually increased in value, and he did not sustain his burden of demonstrating the manner in which

his contributions contributed to any alleged increase (see, Pauk v Pauk, 232 AD2d 386; Elmaleh v Elmaleh, 184 AD2d 544).

The trial court also properly awarded the plaintiff a 50% share of the defendant's interest in Nassau Precision Instruments, Inc., which was formed after the marriage. The record supports the court's finding that the defendant's interest in the business was initially secured through a home equity line of credit on the parties' East Patchogue residence. Moreover, while the defendant devoted a substantial portion of his time to the business, the plaintiff and her sons also made direct contributions by working numerous hours in the business during its first year of operation. In addition, the court properly considered the plaintiff's other contributions to the marriage, including her role as family homemaker (see, Domestic Relations Law § 236 [B] [5] [d] [6]; Price v Price, 69 NY2d 8, 14; Traut v Traut, 181 AD2d 671; Iacobucci v Iacobucci, 140 AD2d 412).

Finally, the trial court did not improvidently exercise its discretion in requiring the parties to divide the fee for the expert who appraised the value of the defendant's business (see, O'Brien v O'Brien, 66 NY2d 576, 590; Krinsky v Krinsky, 208 AD2d 599). Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.