■ Domenick A. Barone, Appellant, v Maria Barone, Respondent. [740 NYS2d 350] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Harkavy, J.), dated October 3, 2000, which, inter alia, directed him to pay to the defendant maintenance of $200 per week for three years and child support of $416.35 per week for the parties' two unemancipated children, determined that he is not entitled to a separate property credit with respect to the purchase of the marital residence, directed him to pay carrying charges on the marital residence for three years after the date of the judgment, and directed him to pay an attorney's fee of $30,000.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing the plaintiff to pay child support of $416.35 and substituting therefor a provision direct-

ing the plaintiff to pay child support of $329.17 per week; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly imputed to the plaintiff an income $65,000 above the income he claimed. The Supreme Court's calculation of the plaintiff's earning potential was based in both law and fact (*see, Sodaro v Sodaro,* 286 AD2d 434; *Zabezhanskaya v Dinhofer,* 274 AD2d 476; *Hoenig v Hoenig,* 245 AD2d 262; *see generally, Basch v Basch,* 114 AD2d 829).

The plaintiff correctly contends that the judgment, in effect, awarded duplicative carrying charges on the marital residence. When fixing the basic child support obligation set forth by statute, the Supreme Court should take into consideration the amount awarded to the spouse for the carrying charges on the marital residence in which the children reside. However, the matter need not be remitted to the Supreme Court for a recalculation. An award, in effect, of duplicative carrying charges may be remedied by deducting the amount awarded for carrying charges from the payor spouse's income before determining the appropriate amount for child support (*see, Ryder v Ryder,* 267 AD2d 447). While the maintenance to be paid to the defendant was deducted from the plaintiff's total imputed income, the Supreme Court did not make the same calculation with respect to the carrying charges of the marital residence. Moreover, the Supreme Court failed to deduct certain taxes from the plaintiff's total imputed income before calculating child support in the amount fixed by statute. The Supreme Court instead calculated the child support based only on the amount of income which reflected the deduction for the defendant's maintenance.

To remedy the imposition of duplicative carrying charges to the plaintiff, the following recalculations are in order. The Supreme Court properly determined that the plaintiff's income was $97,000, and subtracted the annual maintenance award to be paid to the defendant of $10,400, thereby making the plaintiff's total income $86,600. From that figure the carrying charges must be deducted before computing child support. The carrying charges attributable to the plaintiff were the mortgage, insurance, and taxes on the marital residence. On an annual basis those carrying charges amount to $12,726. Subtracting that amount from the $86,600 of total income attributable to the plaintiff, his total income is $73,874. From this figure, $5,406, representing certain taxes actually paid by the plaintiff, shown on the parties' 1998 joint tax return (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]), must be deducted before

child support can be calculated (see, *Militana v Militana*, 280 AD2d 529). After subtracting $5,406 from $73,874, the plaintiff's total income should have been $68,468. It is from this figure that the plaintiff's child support obligation should have been calculated. The Supreme Court properly determined, according to statute, that the correct proportion of the plaintiff's income that would go toward child support was 25% of his total income. Twenty-five percent of $68,468 is $17,117. Therefore, the plaintiff's weekly child support obligation should be $329.17 for both children. The judgment is modified to the extent indicated.

The Supreme Court properly declined to award the plaintiff a separate property credit with respect to the purchase of the marital residence. The plaintiff claimed entitlement to $51,000 in separate property credits in relation to funds used to purchase the marital residence. The plaintiff failed to establish that he was entitled to the $51,000 separate property credit since he was unable to adduce proof as to the origin of the alleged expended sums. The plaintiff did not provide the Supreme Court with bank account statements or other documentation to establish that the $51,000 allegedly used to purchase the marital residence even existed. In this respect, the Supreme Court properly determined that the plaintiff's testimony, including his invocation of the Fifth Amendment privilege against self-incrimination concerning issues such as his income, was suspect and less than credible.

The Supreme Court providently exercised its discretion in awarding the defendant an attorney's fee of $30,000 (see, Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879; *Kearns v Kearns*, 270 AD2d 392). The Supreme Court considered all of the necessary factors and found that the plaintiff was in a better financial position to pay for the defendant's legal expenses and the reasonable amount of fees for the litigation (see, *Kearns v Kearns, supra* at 393).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.