■ MARGARET E. VISCARDI, Respondent, v PETER G. VISCARDI, Appellant. [755 NYS2d 880] —In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a judgment of the Supreme Court, Nassau County (Marano, J.), entered December 19, 2001, as directed him to pay maintenance to the plaintiff wife in the amount of $2,000 per month for 60 months and $1,000 per month for an additional 72 months, and to maintain medical insurance for the benefit of the plaintiff wife.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Brown v Brown,* 239 AD2d 535 [1997]; *see Kay v Kay,* 37 NY2d 632 [1975]; *Rocanello v Rocanello,* 254 AD2d 269 [1998]). Here, the evidence established that the plaintiff wife had not worked outside the home during much of the marriage and had obtained employment as an office coordinator after the defendant husband left the marital residence. Although the defendant claimed to be unemployed, the Supreme Court did not credit his testimony that he made a good faith effort to obtain employment commensurate with his qualifications and work

experience (*see Matter of Davis v Davis,* 197 AD2d 622, 623 [1993]). Accordingly, the Supreme Court's determination that the defendant must pay maintenance to the plaintiff and maintain medical insurance for her benefit is supported by the record.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Feuerstein, J.P., Smith, Townes and Cozier, JJ., concur.