■ EVELYN WILSON, Respondent, v WILLIE WILSON, Appellant. [764 NYS2d 828] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (G. Garson, J.), dated November 29, 2001, as, after a nonjury trial, awarded the plaintiff permanent maintenance in the sum of $400 per week and directed him to pay for her health insurance for a period of three years.

Ordered that the judgment is reversed insofar as appealed from, on the law, and a new trial is granted, with costs to abide the event.

It is well settled that the amount and duration of maintenance is committed to the sound discretion of the trial court (*see Murray v Murray,* 269 AD2d 433 [2000]; *Sperling v Sperling,* 165 AD2d 338 [1991]). The court may order maintenance "as justice requires, considering, inter alia, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret,* 222 AD2d 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]; *Mica v Mica,* 275 AD2d 765 [2000]).

In this case, the trial court failed to fully consider the distribution of the parties' assets and their standard of living during the marriage and after separation in reaching its determination. Under the circumstances of this case, we remit the matter to Supreme Court, Kings County, for a new trial and determination. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.