(October 20, 2003)

■ FREDERIC J. BARTEK, Appellant, v ANN C. DRAPER, Respondent. [765 NYS2d 893] —In a matrimonial action in which the parties were divorced by judgment dated January 29, 2002, the plaintiff appeals (1), by permission, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Ambrosio, J.), dated February 4, 2002, which, inter alia, after a nonjury trial, and upon a decision of the same court dated January 26, 2001, (a) awarded the defendant 50% of the marital property, (b) awarded the parties' interest in a Brooklyn cooperative apartment to the defendant, (c) valued that apartment at $550,000, (d) awarded him $181,749 as his share of the apartment, and (e) awarded interest on his distributive award from the date of the order, and (2), by permission, as limited by his brief, from so much of a second order of the same court, also dated February 4, 2002, as without a hearing, granted his application for an award of an attorney's fee to the extent of awarding the sum of only $4,510.

Ordered that the first order dated February 4, 2002, is modified, on the law and as a matter of discretion, by deleting the provisions thereof awarding the defendant the parties' interest in the Brooklyn cooperative apartment, awarding the plaintiff $181,749 as his share of the apartment, and awarding interest on the distributive award from the date of the order, and substituting therefor provisions awarding interest on the distributive award from the date of the decision, directing that the Brooklyn cooperative apartment be reappraised and evaluated as of June 26, 2000, directing that the interest in the apartment be sold as further provided herein, and that the proceeds be divided after adjustments for the parties' credits related to that property as set out in the order under the caption "B. Brooklyn Property"; as so modified, the first order dated February 4, 2002, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, for further proceedings consistent herewith; and it is further,

Ordered that the second order dated February 4, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Considering the circumstances of the parties and the case, the Supreme Court providently exercised its discretion in awarding the defendant 50% of the marital property (*see* Domestic Relations Law § 236 [B] [5] [d] [4], [6]). The fact that the plaintiff may have made greater economic contributions to the marriage than the defendant does not necessarily mean that the plaintiff is entitled to a greater percentage of the marital property (*see Price v Price,* 69 NY2d 8 [1986]).

However, in light of the inordinate length of time that passed between the testimony of the appraiser on March 4, 1999, as to the value of the Brooklyn cooperative apartment, the plaintiff's objection to the use of that valuation by the Supreme Court prior to the close of the trial testimony in this matter on June 26, 2000, and the ultimate issuance of the order dated February 4, 2002, directing the distribution of, inter alia, the Brooklyn cooperative apartment, we find that the apartment should have been reappraised as of June 26, 2000, the last date of testimony. Accordingly, we remit the matter to the Supreme Court, inter alia, for a new hearing to determine the value of the Brooklyn cooperative apartment as of June 26, 2000, and, if necessary, to direct the sale thereof (*see generally McSparron v McSparron,* 87 NY2d 275, 287 [1995]; *Barbuto v Barbuto,* 286 AD2d 741, 743-744 [2001]).

Further, in the exercise of our discretion, the defendant should be given the option of purchasing the Brooklyn cooperative apartment at the value to be determined by the Supreme Court (*see Ierardi v Ierardi,* 151 AD2d 548 [1989]; *Shahidi v Shahidi,* 129 AD2d 627 [1987]). The proceeds of the sale shall be distributed to the parties after adjustments for the parties' credits related to that property as directed by the Supreme Court, under the caption "B. Brooklyn Property" in its first order dated February 4, 2002.

The plaintiff is entitled to interest on his distributive award from the date of the decision on which the first order appealed from was based (*see Gold v Gold,* 276 AD2d 590 [2000]), as opposed to the date of that order.

With regard to the second order appealed from, under the circumstances, the Supreme Court properly decided the issue of an attorney's fee without conducting a hearing (*see DeJesus v DeJesus,* 264 AD2d 436 [1999]; *Janousek v Janousek,* 108 AD2d 782 [1985]). Furthermore, the Supreme Court providently exercised its discretion in awarding the plaintiff the sum of only $4,510 as an attorney's fee (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Friedmann, Townes and Mastro, JJ., concur.