■ SHEILA A. RUBIN, Appellant-Respondent, v BRUCE RU-BIN, Respondent-Appellant. [766 NYS2d 68] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Orange County (Williams, J.), dated June 5, 2001, which, after a nonjury trial, inter alia, failed to award her child support, and the defendant cross-appeals from stated por-

tions of the same judgment, which, inter alia, failed to award him equitable distribution of the appreciation of the wife's interest in certain property. By decision and order of this Court dated December 2, 2002, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Orange County, to make detailed factual findings, setting forth the reasons for its determination as to child support and equitable distribution (*see Rubin v Rubin,* 300 AD2d 293 [2002]). The Supreme Court has filed its determination with this Court.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

"Domestic Relations Law § 236 (B) (1) (d) (3) defines 'separate property', in relevant part, as 'the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse'. In order to obtain equitable distribution of the appreciation in value of the wife's separate property, the husband [was] required to demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase that was attributable to his efforts" (*Pauk v Pauk,* 232 AD2d 386, 391 [1996]; *see Mutt v Mutt,* 242 AD2d 612 [1997]). The defendant, relying only on conclusory assertions, failed to sustain his burden (*see Pauk v Pauk, supra*). Accordingly, the defendant was not entitled to an equitable distribution of the appreciation of the plaintiff's interest in her separate property, consisting of an interest in a family business founded by her father prior to the commencement of the marriage.

Contrary to the plaintiff's contention, she is not entitled to an award of child support (*see Holihan v Holihan,* 159 AD2d 685, 687 [1990]).

The parties' remaining contentions are without merit. S. Miller, J.P., Friedmann, Crane and Rivera, JJ., concur.