■ BARBARA HOPPMANN D'ANGELO, Appellant, v RONALD D'ANGELO, Respondent. [788 NYS2d 154]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Panepinto, J.), dated March 31, 2003, as, after a nonjury trial, awarded the defendant the parties' Florida condominium apartment and valued the condominium at $525,000, awarded the defendant a 77% separate property interest in a Mercedes-Benz automobile, and determined that the marital medical debts at the date of commencement of the action were only $16,447.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

A trial court possesses discretion to select valuation dates for marital assets which are appropriate and fair under the circumstances (*see Moody v Moody*, 172 AD2d 730, 731 [1991]), limited only by the requirement that the date be set sometime between the commencement of the action and the date of the trial (*see* Domestic Relations Law § 236 [B] [4] [b]). Here, the only evi-

dence of the value of the residence was an appraisal conducted three years before trial. The appraiser testified without contradiction that property values had changed between the date of the appraisal and the date of trial. In these circumstances, the Supreme Court should have granted the plaintiff's request for a new appraisal or the sale of the residence. Accordingly, we remit the matter to the Supreme Court, Kings County, for a new hearing to determine the value of the residence as of the date of trial, and, if necessary, to direct the sale thereof (*see Bartek v Draper,* 309 AD2d 825, 826 [2003]).

The Supreme Court also erred in awarding the defendant a separate property interest with respect to the Mercedes-Benz automobile. The separate property exception to marital property is to be construed narrowly (*see* Domestic Relations Law § 236 [B] [1] [d]; *Price v Price,* 69 NY2d 8, 15 [1986]; *Majauskas v Majauskas,* 61 NY2d 481, 489 [1984]; *Farag v Farag,* 4 AD3d 502, 503 [2004]; *Saasto v Saasto,* 211 AD2d 708 [1995]) and the party seeking to overcome the presumption that property is marital bears the burden of proving that the property in dispute is separate property (*see Farag v Farag, supra; Barone v Barone,* 292 AD2d 481, 483 [2002]). Here, the automobile in question was purchased nine years after the date of the marriage. In these circumstances, the defendant's testimony that the automobile was purchased, in major part, with premarital assets, unsupported by documentary evidence, was insufficient to overcome the marital presumption (*see Farag v Farag, supra; Barone v Barone, supra; Seidman v Seidman,* 226 AD2d 1011 [1996]; *Saasto v Saasto, supra*).

The Supreme Court improperly excluded from the marital debt $6,000 due for medical treatment received by the plaintiff during the marriage. Since the defendant failed to respond to the plaintiff's notice to admit that the debt was marital, the defendant conceded the plaintiff's argument in this regard (*see* CPLR 3123 [a]).

The parties' remaining contentions either refer to matter dehors the record or are without merit. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.