■ VEDA LAMENE BREVILUS, Appellant, v JEAN MANEUS BRE-VILUS, Respondent. [839 NYS2d 157]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated August 3, 2005, as granted the defendant's motion, among other things, to compel her to accept a buy-out of her share of the marital residence and, in effect, valued the marital residence at $203,000, and denied those branches of her motion which were, in effect, for leave to reargue certain portions of a decision of the same court dated March 29, 2005.

Ordered that the appeal from so much of the order as denied those branches of the plaintiff's motion which were, in effect,

for leave to reargue certain portions of the decision is dismissed, as no appeal lies from the denial of reargument (*see* CPLR 5701 [a] [2] [viii]); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the defendant's motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Before some alteration in the marital relationship, courts lack the authority, absent the parties' consent, to direct the sale of the marital residence owned by the parties as tenants by the entirety (*see Kahn v Kahn*, 43 NY2d 203, 209-210 [1977]; *Harrington v McManus*, 303 AD2d 368, 369 [2003]; *Kayden v Kayden*, 234 AD2d 345 [1996]; *Walker v Walker*, 227 AD2d 469 [1996]). Here, although the Supreme Court found during a trial that the plaintiff was entitled to a divorce, and indicated in a written decision that it issued after the trial that the parties' marriage was to be dissolved, the record indicates that the court's determination was not embodied in a judgment of divorce at the time it issued the order appealed from. In the absence of a judgment of divorce, the court was without the authority to direct the sale of the marital residence (*see Adamo v Adamo*, 18 AD3d 407, 408 [2005]; *Jancu v Jancu*, 241 AD2d 316, 317 [1997]), which it effectively did by compelling the plaintiff to sell her share therein to the defendant.

Furthermore, while a trial court has the discretion "to select valuation dates for marital assets which are appropriate and fair under the circumstances" (*D'Angelo v D'Angelo*, 14 AD3d 476 [2005]), we find that the Supreme Court improvidently exercised its discretion in valuing the marital residence. After the trial, which was held on various dates from October 2004 to January 2005, the Supreme Court, in its decision, relied upon an appraisal from June 2003 in valuing the marital residence at $203,000. In the order appealed from, the court, in deciding the defendant's motion, adhered to that valuation. However, that appraisal was not entered into evidence during the trial, and moreover, there was scant competent evidence and testimony regarding the marital residence's fair market value (*see D'Angelo v D'Angelo, supra* at 477; *Bartek v Draper*, 309 AD2d 825, 826 [2003]; *New York TRW Tit. Ins. v Wade's Can. Inn & Cocktail Lounge*, 199 AD2d 661, 663 [1993]; *Matter of Adirondack Power & Light Corp. v Public Serv. Commn.*, 211 App Div 272, 274 [1925]). Under these circumstances, we remit the matter for a new trial and determination regarding the marital residence's fair market value at the time of the commencement

of the original trial in October 2004 (*see Trim v Trim*, 21 AD3d 1203, 1205 [2005]; *Michalek v Michalek*, 180 AD2d 890, 891 [1992]; *Otto v Otto*, 150 AD2d 57, 61 [1989]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.