■ DARLENE EMBURY, Respondent, v JAMES EMBURY, Appellant. [854 NYS2d 502]—

Contrary to the defendant's contention, the Supreme Court properly determined that certain real property located in Yorktown Heights, New York, which was gifted to the plaintiff by her mother during the marriage, was the plaintiff's separate property. " 'Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property' " (*Massimi v Massimi*, 35 AD3d 400, 402 [2006], quoting *Judson v Judson*, 255 AD2d 656, 657 [1998]; *see* Domestic Relations Law § 236 [B] [1] [c], [d] [1]; *McSparron v McSparron*, 190 AD2d 74, 77 [1993]). Here, the plaintiff sustained that burden with evidence that she and her mother purchased the property in November 2005, with her mother paying the down payment and all the closing costs, and the mother subsequently gifting to her the mother's interest in the home. Contrary to the defendant's contentions, the property was not converted to marital property through his contributions and efforts toward its renovation (*cf. Matwijczuk v Matwijczuk*, 261 AD2d 784 [1999]).

Moreover, in order for appreciation in the value of separate property to be deemed marital property subject to equitable distribution (*see Hartog v Hartog*, 85 NY2d 36, 46 [1995]; *Price v Price*, 69 NY2d 8, 18 [1986]; *Nowik v Nowik*, 228 AD2d 421 [1996]), the nontitled spouse must "demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase which was attributable to his efforts" (*Elmaleh v Elmaleh*, 184 AD2d 544, 545 [1992]; *see Burgio v Burgio*, 278 AD2d 767, 769 [2000]; *Chan v Chan*, 267 AD2d 413, 414 [1999]). Here, the defendant did not sustain his burden, as he failed to set forth proof that the property actually increased in value and, in any event, he did not demonstrate the manner in which his contributions resulted in any alleged appreciation (*see Rubin v Rubin*, 309 AD2d 846, 847 [2003]; *Mutt v Mutt*, 242 AD2d 612, 612-613 [1997]).

The Supreme Court erred in determining the defendant's child support obligation. While a court may depart from a party's reported income and impute income based on the party's past income or earning potential (*see Viscardi v Viscardi*, 303 AD2d 401 [2003]), such determination must be grounded in law and fact (*see Petek v Petek*, 239 AD2d 327, 328 [1997]). Here, the court failed to properly consider that a contractual agreement under which the defendant was paid approximately $2,500 per

month, or approximately $30,000 annually, had ended in 2003, and that the defendant's income, therefore, was reduced to that extent. However, contrary to the defendant's contention, the court properly applied the statutory percentage to the parties' combined annual income over $80,000 (*see* Domestic Relations Law § 240 [1-b] [c] [3]; *Holterman v Holterman,* 3 NY3d 1, 11 [2004]), since the court articulated its reasons for doing so, which demonstrated that it had carefully considered the parties' circumstances and that it found no reason to depart from the prescribed percentage (*see Matter of Cassano v Cassano,* 85 NY2d 649, 653 [1995]).

Accordingly, we recalculate the defendant's child support obligations based on a total annual income of $60,000, since his federal tax return for his incorporated business, and his claimed monthly expenses, including his pendente lite support obligations, generally approximated that level of income. Since it is undisputed that the plaintiff's annual income was $30,000, the parties' combined parental income amounted to $90,000, with the defendant's proportional share thereof at 67% (*see* Domestic Relations Law § 240 [1-b] [f]). Applying the statutory percentage for four children, i.e., 31%, to the entire $90,000 in combined parental income, results in a basic child support obligation of $27,900 (*see* Domestic Relations Law § 240 [1-b] [b] [3] [iv]; [f]). Therefore, the defendant's child support obligation is 67% of that amount, or $18,693 annually and $1,557.75 monthly. He is also obligated to pay a 67% pro rata share of child care expenses and the children's unreimbursed health care costs.

Moreover, the Supreme Court erred in awarding counsel fees to the plaintiff, which she incurred in bringing a motion to hold the defendant in contempt for failure to pay his child support obligations (*see Popelaski v Popelaski,* 22 AD3d 735, 738 [2005]; *see also Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]; *Yeager v Yeager,* 38 AD3d 534 [2007]; *Bernstein v Bernstein,* 18 AD3d 682, 683 [2005]).

Further, although we reject the defendant's contention that he should have been awarded the parties' 1989 Mercedes Benz in the judgment of divorce, under the circumstances herein, he should have been given the option to purchase the plaintiff's one-half interest in that vehicle within 90 days after service upon him of a copy of this decision and order. Should he fail to exercise that option within that time frame, he must execute and deliver to the plaintiff the title and registration to that vehicle so it may be sold and the proceeds divided equally between the parties.

The defendant's remaining contentions either are without

merit or need not be reached in light of our determination. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.