■ EDWARD M. MARINO, Appellant, v JOYCE P. MARINO, Respondent. [860 NYS2d 170]—

In a matrimonial action, inter alia, to obtain equitable distribution of marital property following a foreign judgment of divorce of the State of Nevada dated March 20, 2006, the plaintiff appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Orange County (Horowitz, J.), dated April 11, 2007, which, inter alia, (1) awarded the defendant nondurational maintenance in the sum of $246.15 per week, (2) declined to award him a credit against the defendant's equitable share of the marital assets in the sum of $83,000 for alleged separate property used to purchase the marital residence, (3) declined to award him a credit against the defendant's equitable share of the marital assets for other payments he made, (4) awarded the defendant 23% of his pension payments retroactive to the date the pension went into pay status, and (5) awarded the defendant an attorney's fee in the sum of $7,350.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In light of the defendant's history of low earnings, her age and her health, as well as the length of the marriage, the Supreme Court properly found that it was not likely that she would become self-supporting, and consequently properly awarded her nondurational maintenance (see Summer v Summer, 85 NY2d 1014, 1016 [1995]; Polizzano v Polizzano, 2 AD3d 615 [2003]; Mazzone v Mazzone, 290 AD2d 495 [2002]).

The trial court properly declined to award the plaintiff a credit in the sum of $83,000 for alleged separate property used to purchase the marital residence. The plaintiff failed to meet his burden of establishing that the $83,000 was separate property (see Romano v Romano, 40 AD3d 837 [2007]; Diaco v Diaco, 278 AD2d 358 [2000]).

Further, pension payments received by the plaintiff prior to the commencement of the action constituted marital property subject to equitable distribution (see Biddlecom v Biddlecom, 113 AD2d 66 [1985]). The value of the pension was properly computed pursuant to the Majauskas formula (see Majauskas v Majauskas, 61 NY2d 481 [1984]; Condon v Condon, 46 AD3d 596 [2007]).

In light of the parties' financial circumstances, the Supreme Court properly awarded the defendant an attorney's fee (see Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70

NY2d 879, 881 [1987]; *Levy v Levy,* 4 AD3d 398 [2004]; *Gallousis v Gallousis,* 303 AD2d 363 [2003]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Covello, Belen and Chambers, JJ., concur.