■ MICHAEL MARSHALL, Respondent, v RUTH MARSHALL, Appellant. [937 NYS2d 253]—

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof, in effect, declaring that two Chase Manhattan Bank accounts, with account numbers ending in 39-01 and 18-01, respectively, and held by the plaintiff former husband in trust for his mother, were not marital assets subject to distribution, and substituting therefor a provision declaring that those bank accounts are marital assets and that each party shall receive 50% of the funds held in those accounts; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff former husband commenced the instant action for a divorce and ancillary relief in July 2005, and the defendant former wife answered and counterclaimed. A trial was held before a Supreme Court Justice on the issue of divorce only. Upon the parties' stipulation, the Supreme Court referred the issue of equitable distribution to a Referee to hear and determine. At the hearing on the issue of equitable distribution, the plaintiff testified, among other things, that he held a certain Chase Manhattan Bank (hereinafter Chase) account, with an account number ending in 39-01 (hereinafter the 39-01 account), in trust for his mother, Anita Marshall. The documentary evidence established that there was another Chase account, with an account number ending in 18-01 (hereinafter the 18-01 account), which the plaintiff also held in trust for Anita Marshall. The defendant testified that this account had originally been an account held jointly by the parties.

Thereafter, the Referee issued a determination on the issue of equitable distribution, concluding, among other things, that the 39-01 account was not marital property subject to distribution. Although the Referee made no specific determination as to the 18-01 account, she, in effect, concluded that all of the Chase accounts held by the plaintiff in trust for his mother were not marital property subject to distribution.

Subsequently, the defendant moved for posttrial relief, including an award of spousal maintenance, an award of 50% of the value of a certain HSBC Bank account, and an award of an attorney's fee. The Supreme Court denied the motion, except that it directed that a hearing be held on the issue of whether the HSBC Bank account was a marital asset, or whether it was the plaintiff's account, held for the benefit of his mother.

At a hearing held before a Judicial Hearing Officer (hereinafter JHO), the plaintiff's mother testified that the HSBC Bank account was the only bank account that the plaintiff held in trust for her. After the hearing, the JHO, in an order dated August 20, 2008, determined that the HSBC Bank account was not a marital asset subject to distribution. Subsequently, the Referee issued a judgment distributing the marital assets in accordance with both her determination and the order dated August 20, 2008.

Domestic Relations Law § 236 (B) (1) (c) defines marital property as "all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held," except as otherwise provided in a written agreement between the parties made before or during the marriage (see Domestic Relations Law § 236 [B] [3]). "Marital property is to be viewed broadly, while separate property is to be viewed narrowly" (*Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]). "Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property" (*Embury v Embury*, 49 AD3d 802, 804 [2008] [internal quotation marks omitted]; *see D'Angelo v D'Angelo*, 14 AD3d 476, 477 [2005]). A court is not bound by a party's own account of his or her finances (*see Steinberg v Steinberg*, 59 AD3d at 704, citing *Saasto v Saasto*, 211 AD2d 708, 709 [1995]). When an asset is acquired during the marriage, the party's own testimony that the source of the funds used to acquire it are premarital or separate property, without more, is insufficient to overcome the presumption that the property is marital property (*see Steinberg v Steinberg*, 59

AD3d at 704; *D'Angelo v D'Angelo*, 14 AD3d at 477; *Farag v Farag*, 4 AD3d 502, 503 [2004]).

Here, the plaintiff testified that the 39-01 account had been opened 10 years prior to the trial. Inasmuch as the parties were married in 1982, that account was presumed to be marital property, and the plaintiff bore the burden of overcoming that presumption (*see Embury v Embury*, 49 AD3d at 804), but failed to do so. Although the plaintiff testified that he opened the 39-01 account for the benefit of his mother, his testimony was contradicted by evidence that the account had been changed in 2000, from an account held by the plaintiff in trust for the defendant, to one held by the plaintiff in trust for his mother. The plaintiff failed to adduce any evidence that the funds deposited to open the account belonged to his mother.

Next, the defendant testified at the hearing that the 18-01 account was originally an account held jointly by the parties. The plaintiff did not dispute this contention, and bank statements showed that the account had also been changed, in 2000, from an account held in trust for the defendant, to one held in trust for the plaintiff's mother. The plaintiff offered no evidence as to the source of the funds deposited into this account. Accordingly, he failed to overcome the presumption of marital property with respect to this account as well (*id.*).

However, contrary to the defendant's contention, the JHO properly determined that the HSBC Bank account in dispute was not marital property, but was, rather, an account funded solely by the plaintiff's mother, and held by the plaintiff for her benefit. The plaintiff sustained his burden of proof on this issue by submitting the testimony of his 92-year old mother that she earned the money, which was her life savings, and asked him to deposit it into an account for her benefit. Thus, we decline to disturb the JHO's determination in connection with the HSBC Bank account (*see Foppiano v Foppiano*, 166 AD2d 550, 551 [1990]).

The defendant's remaining contentions are without merit. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.