█ JUAN MORALES, Appellant, v JOSEPHINE INZERRA, Respondent. [949 NYS2d 433]—

In an action for a divorce and ancillary relief, the plaintiff former husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Garguilo, J.), entered March 21, 2011, as, upon a decision of the same court dated May 7, 2010, made after a nonjury trial, (a) determined that the defendant's interest in certain real property was separate property not subject to equitable distribution, (b) awarded the defendant maintenance in the sum of $325 per week for a period of 10 years, and (c) awarded the defendant an attorney's fee in the sum of $10,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff former husband's contention, certain real property located in North Lindenhurst was not converted to marital property through his contributions and efforts toward its renovation (see Embury v Embury, 49 AD3d 802, 804 [2008]; cf. Matwijczuk v Matwijczuk, 261 AD2d 784, 785-786 [1999]). Moreover, "in order for appreciation in the value of separate property to be deemed marital property subject to equitable distribution, the nontitled spouse must demonstrate the manner in which his [or her] contributions resulted in the increase in value and the amount of the increase which was attributable to his [or her] efforts" (Embury v Embury, 49 AD3d at 804 [citations and internal quotation marks omitted]; see Price v Price, 69 NY2d 8, 18 [1986]; Imhof v Imhof, 259 AD2d 666, 667 [1999]). Here, the plaintiff failed to sustain his burden, as he failed to set forth proof that the property actually increased in value and, in any event, he failed to demonstrate the manner in which his contributions resulted in any alleged appreciation (see Embury v Embury, 49 AD3d at 804; Rubin v Rubin, 309 AD2d 846, 847 [2003]; cf. Imhof v Imhof, 259 AD2d at 667).

The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (Wortman v Wortman, 11 AD3d 604, 606 [2004]; see Farag v Farag, 4 AD3d 502 [2004]). The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the

parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance'' (*Kret v Kret*, 222 AD2d 412, 413 [1995]; *see Farag v Farag*, 4 AD3d at 503; *Wilson v Wilson*, 308 AD2d 583 [2003]; *O'Sullivan v O'Sullivan*, 282 AD2d 586 [2001]).

Here, the Supreme Court providently exercised its discretion in requiring the plaintiff to pay the defendant former wife maintenance in the sum of $325 per week for a period of 10 years. The Supreme Court found that the defendant was disabled as a result of multiple sclerosis. She lived in an assisted-living facility and Social Security disability benefits were her only independent source of income. Based on this record the court properly determined that the defendant was unable to support herself, and would not likely become self-supporting in the future (*cf. Kret v Kret*, 222 AD2d at 412). Contrary to the plaintiff's contention, the court properly imputed $52,000 in annual income to him based on his pre-retirement earnings and experience (*see DeSouza-Brown v Brown*, 71 AD3d 946, 947 [2010]; *Chamberlain v Chamberlain*, 24 AD3d 589, 594 [2005]; *Viscardi v Viscardi*, 303 AD2d 401 [2003]). Although the plaintiff claimed that he retired because of a purported disability, he failed to offer medical evidence of his disability and his employment was uninterrupted in the years leading up to the commencement of this action. Moreover, the court found that he retired shortly after he was ordered to pay pendente lite maintenance to the defendant. The trial court had the opportunity to view the demeanor of the witnesses at the trial, and was in the best position to gauge their credibility. Its resolution of credibility issues is entitled to great deference on appeal (*see Levine v Levine*, 37 AD3d 550, 551-552 [2007]; *Lieberman v Lieberman*, 21 AD3d 1004, 1005 [2005]).

The court properly awarded the defendant an attorney's fee in the sum of $10,000, based on the relative financial circumstances of the parties, the relative merits of their positions at trial, and its finding that the plaintiff's actions prolonged the litigation (*see* Domestic Relations Law § 237 [a]; *Quinn v Quinn*, 73 AD3d 887 [2010]; *DeSouza-Brown v Brown*, 71 AD3d at 947). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.