Larowitz v Lebetkin (2019 NY Slip Op 02273)





Larowitz v Lebetkin


2019 NY Slip Op 02273


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8783 308985/11

[*1]Randi Larowitz, Plaintiff-Respondent,
v
Steven Lebetkin, Defendant-Appellant.


Deborah J. Blum, New York, for appellant.
Goldweber Epstein LLP, New York (Elyse S. Goldweber of counsel), for respondent.



Judgment of divorce, Supreme Court, New York County (Laura E. Drager, J.), entered October 9, 2015, to the extent appealed from as limited by the briefs, valuing the marital residence at $1.6 million, awarding defendant husband 5% of the appreciation in value of the marital residence, and deeming plaintiff wife's Merrill Lynch account separate property, unanimously affirmed, without costs.
Defendant contends that the court abused its discretion in awarding him 5% of the appreciation in the value of the marital residence over the course of the marriage (see Domestic Relations Law [DRL] § 236[B][5][d]). However, the court's decision to credit plaintiff's testimony rather than defendant's about the parties' relative contributions to the residence and other assets is entitled to substantial deference (see Todres v Freifeld, 151 AD3d 569 [1st Dept 2017], lv denied 30 NY3d 912 [2018]).
Defendant argues that his contributions to the value of the property at 74 Grand Street should be deemed contributions to the appreciation on the marital residence because funds realized from the property were used to pay special assessments charged for capital improvements to the building in which the marital residence was located and these improvements enhanced the value of the residence. Defendant cites no authority to support this effort to reap a second reward from a contribution for which he was rewarded in the form of a 30% award in connection with 74 Grand Street. To the contrary, cases such as Price v Price (69 NY2d 8 [1986]) make it clear that a spouse should be recognized and awarded for indirect contributions that were otherwise uncompensated (id. at 14).
We reject defendant's argument that distributive awards as low as 5% are only for spouses who commit heinous domestic violence. The equitable distribution law requires courts to distribute marital property equitably between the parties, "considering the circumstances of the case and of the respective parties" (DRL § 236[B][5][c]). In determining an equitable disposition, courts are required to consider 13 defined factors and "any other factor which the court shall expressly find to be just and proper" (id. [d][14]). Moreover, 5% does not represent defendant's entire distributive award; he received 30% of two other assets and 50% of a third asset.
Contrary to defendant's contention, it was not plaintiff's burden to show that the appreciation in value of her separate property also constituted her separate property; it was his burden to show that the appreciation on separate property constituted marital property (see Naimollah v De Ugarte, 18 AD3d 268, 271 [1st Dept 2005]; see also Robinson v Robinson, 133 AD3d 1185, 1187 [3d Dept 2015]; Morales v Inzerra, 98 AD3d 484 [2d Dept 2012]; but see Zelnik v Zelnik, 169 AD2d 317, 329 [1st Dept 1991]).
The court appropriately relied on the neutral expert's $1.6 million valuation of the marital residence. Defendant's trial testimony about comparable sales was unsupported by documentation. The expert considered the sale of Apartment 4A, cited by defendant, to be comparable, but not entirely, given its extensive renovations. Defendant contends, conclusorily, [*2]that the renovations were given inordinate weight. He does not explain why the renovations should be given less weight or why according them no weight at all — his approach — makes more sense.
Defendant argues that the court abused its discretion in deeming plaintiff's Merrill Lynch account her separate property. This argument is unpreserved and in any event without merit. The account was not, as defendant claims, akin to plaintiff's UBS account, of which he was awarded 50%. Plaintiff attested on her net worth statement that the UBS account was opened in 1995, namely, after the marriage; thus, the statutory presumption attaches that that account is marital property (see Fields v Fields, 15 NY3d 158, 165 [2010]). In contrast, plaintiff attested on her net worth statement, and testified at trial, that the Merrill Lynch account was opened in 1982, well before the marriage, for her and her sister's benefit, and was funded by gifts from their father.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK